UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 13-80054-CR-MARA

**UNITED STATES of AMERICA,**
    **Plaintiff,**

    v.

**TARA JO MOORE,**
    **Defendant.**
_____ /

## DEFENDANT'S MOTION TO SUPPRESS
## ITEMS OBTAINED FROM MICROSOFT EMAIL ACCOUNTS

    The defendant, Tara Jo Moore, by and through counsel, pursuant to Rule 12(b) of the Federal Rules Criminal Procdure, Rule 41 and the 4th Amendment of the United States Constitution, respectfully files this Motion to Suppress Items Obtained from Microsoft Email Accounts, as the application submitted by the government did not establish probable cause for the entire contents of both email accounts and the search warrant obtained was so general and lacking in search protocols that it violated the Particularity requirement to the 4th Amendment, and as grounds in support would state;

    1.  On February 20, 2013, the defendant and her co-defendant, Dontavious Blake were arrested at their home and charged with Sex Trafficking of a Minor and Conspiracy.

    2.  On April 8, 2013, F.B.I. Special Agent Christine J. Pryor, authored an application for a search warrant seeking permission to search two email accounts under the control of Microsoft / Hotmail in Mountain View, California.  The email accounts sought to be searched were identified as Snowbunny561@hotmail.com and Divinehiring@hotmail.com.

1

3. In support, the government provided the Magistrate Judge with two Attachments to the application and search warrant. Attachment A, which purports to identify the property to be searched and Attachment B, which purports to identify the items to be seized.[1]

4. On April 8, 2013, the Honorable United Magistrate Judge William Matthewman signed a search warrant permitting the government to search the items identified in Attachment A,(the email accounts), which the warrant claims contains the items identified in Attachment B. Judge Matthewman further commanded that the execution of the warrant occur on or before April 22, 2013, and that the officer executing the warrant or present during the execution of the warrant, prepare an inventory required by law and promptly return the warrant and inventory to the Magistrate.

5. On May 6, 2013, Evelyn Blackwell, custodian of records for Microsoft Corporation provided a declaration of authentication and attached records pursuant to the government's search warrant. According to the government's discovery, Microsoft provided approximately 3000 emails. The production included emails from a time period outside the indictment period and included, among other things, email content, images, attachments and many electronic files. Many of which were highly personal and irrelevant to the investigation.

6. Because the items seized as contained within Attachment B, were of such a general nature, Microsoft Corp. provided mass amounts of email correspondences and electronic data that fell outside the scope of the investigation.

---

[1] A copy of the Application and Search Warrant is attached to the motion with the government's Attachments.

## **MEMORANDUM OF LAW**

Pending before the Court is an application for a search and seizure warrant pursuant to Rule 41 of the Federal Rules of Criminal Procedure, to disclose certain records and contents of electronic communications relating to two Microsoft email address; Snowbunny561@hotmail.com and Divinehiring@hotmail.com.  In their efforts to comply with Rule 41 and the 4th Amendment, the government provides two Attachments in support of their request to search the entire contents of the requested email accounts.  Attachment A, claims to identify the places to be search (ie, the email accounts) and Attachment B, purports to identify the items sought to be seized by the government from those email accounts.

In their application, the government has again violated the 4th Amendment's Particularity requirement and expressly taken advantage of the dictates of Rule 41, by providing the Magistrate Judge with a "general warrant" and an over broad request for "any electronic stored information" and email correspondence contained within the accounts, including those that the government has no probable cause in obtaining.  Further, the application and warrant submitted by the government provides no search protocol or search methodology detailing how the search of the property and seizure of the items will otherwise comply with existing Court directives and not run afoul with Rule 41 or the 4th Amendment.  Because the government's warrant is a "general warrant", in violation of the 4th Amendment and Rule 41, the defendant moves this Honorable Court for a suppression of all the items obtained by the government pursuant to this unconstitutional application and search warrant.  The defendant would also point out that the execution of the search warrant appears to be outside the time period directed by the Magistrate

3

for the search and therefore untimely.

Notwithstanding Attachment B of the applications, it is evident that the government is after emails from the accounts specified in Attachment A.  The application, however, directs Microsoft to provide all emails and "any" electronic stored information in broad general terms and with no specified time period.  In essence, the government's application directs disclosure from the service provider (Microsoft) of everything in the email accounts from the day the accounts were created until present, in reckless disregard of the intrusive nature of their request and the likelihood of obtaining highly private and irrelevant emails and other correspondences.

In similar respects, United Magistrate Judge John M. Facciola, from the D.C. Circuit has expressed growing concern and frustration with the government's continued use of over broad requests for electronic information and "general warrants".  Judge Facciola has noted that, the government is continuing to ask for the entire universe of information tied to a particular account, even if it has established probable cause only for certain information.  To otherwise correct the problem and bring requests within the confines of the 4th Amendment, Judge Facciola has directed the government to provide search protocols identifying how the seizure of the items would be performed to prevent the over broad obtaining of documents by the government.  *In the Matter of the Search of Apple iPhone, IMEI*, 2014WL1239702, Magistrate Case No: 14-278 (JMF)(March 26, 2014).  An electronic search is not that simple.  A sufficient search protocol, i.e., an explanation of the scientific methodology the government will use to separate what is permitted to be seized from what is not, will explain to the Court how the government will decide where it is going to search and that it is squarely aimed at satisfying the particularity requirement of the 4th Amendment.  *Id*. at 5.

Search protocols are not an unreasonable restraint on law enforcement investigations. In the applications before the Court, the government provides no search protocol to prevent the over seizure of documents they have no right to obtain. All search protocols ask the government to do is explain how it is going to conduct this search to minimize the risk that files outside the scope of the warrant will be discovered. As the Ninth Circuit has made clear, "the reality that over-seizing is an inherent part of the electronic search process" requires this Court to "exercise 'greater vigilance' in protecting against the danger that the process of identifying seizable electronic evidence could become a vehicle for the government to gain access to a larger pool of data that it has no probable cause to collect." *United States v. Schesso*, 730 F.3d 1040 (9th Cir.2013)(citing *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1177 (9th Cir.2010)(en banc).

Over-seizure of documents is exactly what happened with respect to the emails obtained through the use of the general warrants submitted by the government. The government has provided in discovery almost 3000 emails, many of which are of a personal nature and irrelevant to the investigation. Further, the government has provided nothing in the applications detailing how the searches of the items would be done to prevent the over-seizing of documents, nor did the government provide any guidance to what would be done with the emails not related to the investigation. In reality, the government has held on to the irrelevant documents since they obtained them. Moreover, a review of Attachment B proves that the government never asked for nor received authority to search and seize images / attachments or photographs. Contained within the discovery provided were hundreds of photos, images and attachments to emails that government never requested in their application. Because of the overall general nature of the

government's application and warrant, it cannot be said to comply with Rule 41 or the 4th Amendment.

That, however, has not been the extent of the Judge Facciola's concerns.  In the Court's November 2013 Facebook Opinion, *In the Matter of the Search of Information Associated with the Facebook Account Identified by the Username Aaron. Alexis That Is Stored at Premises Controlled by Facebook, Inc.*, ––F.Supp.2d ––, ––, 2013 WL 7856600, at 7 (D.D.C. Nov. 26, 2013), involving the search of the Facebook account of Navy Yard shooter Aaron Alexis, the Court raised serious concerns about the government's use of the two-step procedure under Rule 41, of the Federal Rules of Criminal Procedure.  *See Facebook Opinion*, ––– F.Supp.2d at –––, 2013 WL 7856600, at 6. ("Under that Rule, a warrant 'may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information.  Unless otherwise specified, the warrant authorizes a later review of the media or other information consistent with the warrant.' ") (citing Fed.R.Crim.P. 41(e)(2)(B)).  Under this approach, "the initial section of the warrants authorizing the electronic communications service provider to disclose all email communications (including all content of the communications), and all records and other information regarding the account is too broad and too general." *In re Applications for Search Warrants for Information Associated with Target Email Accounts/Skype Accounts*, Nos. 13–MJ–8163, 13–MJ–8164, 13–MJ–8165, 13–MJ–8166, 13–MJ–8167, 2013 WL 4647554, at 1 (D.Kan. Aug. 27, 2013) (" In re App.").  Despite the Court raising its concerns and urging the government to adopt a different approach, the government has continued to ask for all electronically stored information in e-mail accounts, irrespective of the relevance to the investigation.

To ameliorate these problems with respect to Alexis's Facebook account, the Court modified the search warrant to ensure that no third-party communications were turned over to the government, *see Facebook Opinion*, ⸺F.Supp.2d at ⸺, 2013 WL 7856600, at 3, and to require that the government destroy "all records and content that the government determines are NOT within the scope of the investigation." *Id*. at 7.

While those minimization procedures satisfied the Court in that particular case, it warned the government to "adopt stricter search parameters in future applications" or the Court would be "unwilling to issue any search and seizure warrants for electronic data that ignore the constitutional obligations to avoid 'general' electronic warrants." *Facebook Opinion*, ⸺ F.Supp.2d at ⸺, 2013 WL 7856600, at 8. The Court recommended several different approaches, including key word searches, using an independent special master to conduct searches, or segregating the people who are performing the search from those who are conducting the investigation. *Id*.

The application in our case does not take into account any of the concerns of Judge Facciola, nor does the application address how the government suggests sifting through the mass amounts of data they received. Instead, the government persists in their entitlement to the entire email account, without suggesting how the items that may be seized, because there is probable cause to believe that they are evidence of a crime can be segregated from those that are not.

In this case, the government seeks a broad search and seizure warrant for e-mails and all other electronic content related to the two specified e-mail accounts. The Supreme Court has recognized two constitutional protections served by the warrant requirement of the Fourth Amendment. "First, the magistrate's scrutiny is intended to eliminate altogether searches not

7

based on probable cause.  The premise here is that any intrusion in the way of search or seizure is an evil, so that no intrusion at all is justified without a careful prior determination of necessity." *Coolidge v. N.H.*, 403 U.S. 443, 467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).  Thus, it is the Court's duty to reject any applications for search warrants where the standard of probable cause has not been met. Second, as the Supreme Court has also said, "those searches deemed necessary should be as limited as possible.  Here, the specific evil is the 'general warrant', and the problem is not that of intrusion per se, but of a general, exploratory rummaging in a person's belongings." *Id.*  To follow the dictates of the Fourth Amendment and to avoid issuing a general warrant, a court must be careful to ensure that probable cause exists to seize each item specified in the warrant application.

In our case , the government unconstitutionally directed the service provider to disclose "all electronic stored information presently contained within the accounts that constitute evidence and instrumentalities of the crime" and in return received mass amounts of electronic data, much of which was irrelevant to the investigation.  Essentially, the search warrant directed Microsoft to provide everything in the accounts and they did.  The government has shown that they are capable of being much more direct and specific.  Contained within Attachment B, are requests for certain emails from Backpage.  That request, more specific in nature, details what they are looking for and emails that may be relevant to the investigation.  However, the government goes well beyond any specific requests when asking for "all emails from Internet Service Providers", "emails from online payment sites", "emails from adult service websites" and "emails from all the social networking sites".  Not only was there insufficient probable cause for contained within the application for the various items sought, the practical effect of the general warrant was that

Microsoft in turn provided everything in the account, including items irrelevant to the investigation and those the government did not have probable cause for . More importantly , it's clear paragraph 8, the general "catch all" paragraph which called for "all electronic stored information presently contained within the account" that constitutes evidence of the crime created such confusion with the service provider that Microsoft provided everything contained within the account, both relevant and irrelevant. The reality is, and the discovery shows that the results of this warrant was an over-broad seizure of highly personal and irrelevant documents. This general request cannot be viewed in compliance with the 4th Amendment or dictates of Rule 41.

With respect to searches of electronic information, careful attention must be paid to the dictates of the particularity requirement, which limits the "authorization to search to the specific areas and things for which there is probable cause to search." *Md. v. Garrison*, 480 U.S. 79, 84, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). As the Supreme Court has recognized, "the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Id*. Any search of an electronic source has the potential to unearth tens or hundreds of thousands of individual documents, pictures, movies, or other constitutionally protected content. It is thus imperative that the government "describe the items to be seized with as much specificity as the government's knowledge and circumstances allow." *United States v. Leary*, 846 F.2d 592, 600 (10th Cir.1988). A review of the application and attachments proves the government did not attempt to comply with traditional notions of the 4th Amendment's Particularity requirement.

In declining to sign a proposed search warrant application from the government, Judge

Facciola noted in, *In the Matter of the Search of Information Associated with [redacted] @mac.com that is Stored at Premises Controlled by Apple, Inc.,* 2014WL94563, Magistrate Case. No. 14–228 (JMF), signed March 07, 2014,  "that while nothing in Section 2703 or Fed.R.Crim.P. 41, may specifically preclude the government from requesting the full content of electronic communications in a specific email account, the Fourth Amendment may do so and does here". *Id.* at 5.  "What the government proposes is that this Court issue a general warrant that would allow a "general, exploratory rummaging in a person's belongings"—in this case an individual's e-mail account. *Coolidge*, 403 U.S. at 467, 91 S.Ct. 2022.  This Court declines to do so.

Despite being warned to "seriously consider how to minimize the amount of information that its search warrant applications seek to disclose" or "find this Court unwilling to issue any search and seizure warrants for electronic data that ignore the constitutional obligations to avoid 'general' electronic warrants," *Facebook Opinion*, —— F.Supp.2d at ——, 2013 WL 7856600, at 8, the government continues to submit overly broad warrants and makes no effort to balance the law enforcement interest against the obvious expectation of privacy e-mail account holders have in their communications.  *See United States v. Warshak*, 631 F.3d 266, 285–86 (6th Cir.2010) ("Given the fundamental similarities between email and traditional forms of communication, it would defy common sense to afford emails lesser Fourth Amendment protection.")

Because the application in support of the search warrant served on Microsoft is lacking in probable cause for the obtaining of  all items contained within the email accounts and the search warrant was so general that it violated the Particularity requirement of the 4th Amendment without sufficient search protocols, the defendant respectfully requests that the Court suppress

the items disclosed by Microsoft and contained within the Snowbunny561@hotmail.com and Devinehiring@hotmail.com email accounts.

>Respectfully submitted;
>*s; Peter T. Patanzo*
>Benjamin, Aaronson, Edinger & Patanzo, PA
>1 Financial Plaza, suite 1615
>Fort Lauderdale, Florida 33394
>(954) 779-1700 phone
>(954) 779-1771 fax
>ppatanzo@bellsouth.net
>Counsel for Tara Jo Moore

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on CM / ECF, this 24th day of June, 2014 and served on all those associated with the electronic service list.

>*s/; Peter T. Patanzo*
>Peter T. Patanzo, Esq.