UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 13-80054-CR-MARA

UNITED STATES of AMERICA,
    Plaintiff,

v.

TARA JO MOORE,
    Defendant.
_____/

DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY
SECOND DEMAND FOR EXPERT SUMMARIES AND UNDERLYING DATA
AND REQUEST FOR DAUBERT HEARING

    The defendant, by and through counsel, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Federal Rules of Evidence 702, 703 and 705, and the Due Process Clause to the United States Constitution, respectfully files this Motion to Exclude Expert Testimony, Second Demand for Expert Summaries and Underlying Data and Request for Daubert Hearing, and as grounds in support would state;

    1. This matter is presently scheduled for trial July 21, 2014.

    2. On October 11, 2013, the defendant filed her demand for expert witness summaries pursuant to the standing discovery order and rules of criminal procedure.

    3. On June 17, 2014, the government provided the defendant with a letter in accordance with Rule 16, indicating that the government, during it's case in chief at trial, intends to offer the testimony of Gary Reisfield, MD, as a medical expert specializing in addiction.[1]  Contained

---

[1] A copy of the government's letter is attached hereto.

within that the letter was the government's cursory summary of the experts proposed testimony intended to be offered at trial.

    4. The government contends that the expert will testify in the field of medical practice, and the diagnosis treatment and consequences of drug addiction. In particular, the government states that the expert will explain his professional understanding of: (1) Oxycodone; (2) Alprazolam; and (3) Cocaine. The expert will explain what each drug is used for, what physical and psychological effects it has on an individual, the potential for addition or abuse, and the interactions of various prescription drugs and the harm caused by the effects of such combinations. In addition, the expert will testify as to the effects of withdrawl sickness from severe addition, the symptoms experienced from withdrawl and the physical and psychological harm caused by effects of such withdrawl, including anticipation of withdrawl sickness.

    5. The government further intends to offer this expert for testimony regarding his review of medical records, if any, of the victims in this case. The government also claims that the expert will conduct evaluations of some or all of the victims and review investigative reports relating to those victims.

    6. The government has provided no documents or reports in support of this experts opinion or the medical data of the alleged victims that were reviewed or reports of physical examinations of the victims in support of this expert opinion. The government does concede in their cursory disclosure that they are in fact in possession of many of the medical records related to the substance abuse of the government's witnesses. Those documents also have not been disclosed.

7. As part of their cursory disclosure, the government provided a CV, and indicated a thorough report of Dr. Reisfield is coming.

8. The defendant moves this Court to Exclude from trial the proposed testimony of the expert as the proposed testimony is overly prejudicial, irrelevant to the crimes charged and will not assist the jury with a finding of fact.  Further, the defendant believes; (1) the proposed scientific, technical and specialized nature of the testimony will not help the trier of fact understand the evidence or assist in determining a fact at issue; (2) the proposed testimony has not been shown to be the product of reliable principles and methods; nor (3) has it been shown that the expert has reliably applied the principles and methods to the facts of this case and is otherwise scientifically accepted and reliable.

9. Should the Court be inclined <u>not</u> to exclude this proposed testimony, the defendant would request additional discovery and a pretrial admissibility hearing or Daubert Hearing on this issue.

10. The defendant would also ask for disclosure of the expert summaries and the documents and medical data in possession of the government that was relied on by the government's expert in formulating his testimony and opinion.  This would include, but not limited to medical and substance abuse records of the victims, reports of the physical examinations of the victims and the expert's findings.  Also, any notes taken during those examinations and any reports generated from those examinations.[2]

---

[2] The defense believes that should the Court permit the government's expert to testify on these subjects, the defendant would be entitled to hire a defense expert for review of the government's expert findings and conclusions for possible testimony at trial.

# ARGUMENT

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and its progeny, the Supreme Court focused on a trial judge's gatekeeping obligation when considering the admissibility of expert testimony based on specialized knowledge under Federal Rule of Evidence 702. See *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999). The trial judge must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand". *Daubert*, 509 U.S. at 597. The proponent of the expert's testimony bears the burden of establishing its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 593, n.10. The decision whether to qualify an expert witness is within the broad latitude of the trial court. *United States v. Mejia*, 597 F.3d 1329, 1339 (D.C. Cir. 2010).

Rule 702 of the Federal Rules of Evidence provides as follows:

> if the scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Rule 702, "requires a valid ... connection to the pertinent inquiry as a precondition to admissibility". *Daubert*, 509 U.S. at 592. "Whether the specific expert testimony focuses upon specialized observations, the specialized translation of those observations into theory, a specialized theory itself, or the application of such a theory in a particular case, the expert's testimony often will rest 'upon an experience confessedly foreign in kind to [the jury's] own." *Kumho*, 526 U.S. at 149. In *Daubert*, the Supreme Court explained that in applying Rule 702, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable". *Daubert*, 509 U.S. at 589. Scientific testimony is reliable if it is based on

"scientific...knowledge".  The adjective scientific implies a grounding in the method and procedures of science.  Similarly, the word knowledge connotes more than subjective belief or unsupported speculation".  *Id.* at 590.  In short, "proposed testimony must be supported by appropriate validation – ie., 'good grounds', based on what is known.  *Id.*

In applying Rule 702, trial judges should focus on experts' "principles and methodology, not on the conclusions that they generate".  *Daubert*, 509 U.S. at 595.  The trial court "must determine first whether the expert's testimony is based on 'scientific knowledge' and second, whether the testimony will assist the trier of fact to understand or determine a fact in issue".  *Ambrosini v. Labarraque*, 101 F.3d 129, 133 (D.C. Cir. 1996)(quoting *Daubert*, 509 U.S. at 592).

Although *Daubert* lists a number of factors that a court may consider in determining whether to admit or exclude expert testimony, the Supreme Court made it clear that "the inquiry envisioned by Rule 702 is.....a "flexible one".  Its overarching subject is the scientific validity and thus the evidentiary relevance and reliability of the principles that underlie a proposed submission".  *Daubert*, 509 U.S. at 594-95.  The Daubert Court outlined four factors that the district court could use to evaluate scientific validity: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the method's known or potential rate of error; and (4) whether the theory or technique finds general acceptance in the relevant scientific community".  *Ambrosini*, 101 F.3d at 134; see also *United States v. Law*, 528 F.3d 888, 912 (D.C. Cir. 2008).  The court further emphasized that the inquiry is a flexible one; the factors outlined are not "necessarily applicable in every case or dispositive; nor are they exhaustive.  *Ambrosini*, 101 F.3d at 134.

5

In our case, the government alleges they are offering Dr. Reisfield to testify in the field of medical practice and diagnosis treatment and consequences of drug addition.  This cursory notice is insufficient and does not comply with the dictates of Rule 16.  The government fails in all respects to explain how any of this proposed field of testimony is relevant or how this field of testimony will somehow assist the trier of fact with any fact at issue.

The government also states that their expert will explain his professional understanding of certain narcotics and basically explain what each drug is used for and the psychological effects it has on an individual, the potential for abuse and the interaction of various prescription drugs.  The government's cursory notice again fails to articulate how this is relevant to the facts at issue in our trial and why expert testimony is necessary to a fact at issue in our case that the jury can't otherwise understand.  Moreover, the government fails to articulate what methodology this proposed testimony is based on and how it is related or relevant to the facts of our case.

Most importantly, the government indicates that they are in possession of medical records or alleged victims in this case.  It is also safe to assume that because of the nature of the proposed expert testimony, the government also is in possession of substance abuse records of alleged victims.  None of this information has been turned over in discovery.  The court may recall that all parties previously held hearing on alleged confidential records of alleged victim T.H.  That hearing resulted in the disclosure of records related to the victims drug use / abuse and stay at a drug rehabilitation center.  It appears from the government's filing that, they are in possession of substance abuse records or other medical records related to drug use for victims in this case and have been in possession of those documents for some time.  However, no disclosure of records has been made to date, despite their relevance for cross examination purposes.

6

      The vague and ambiguous cursory notice by the government in this respect should also be noted here.  A review of the letter provided by the government lists no names or initial of alleged victims this expert testimony may relate, whether those victims are named in the indictment or not, making it virtually impossible for the defense to prepare for trial.

      For the various reasons set forth above, the defendant moves this Court to exclude the proposed expert testimony.  The scant information provided by the government about the witnesses expert opinions and have not provided any information concerning the bases for those opinions.  This cursory information does not constitute written summaries of experts contemplated by Fed. R. Crim. P. 16.  Should the Court not be inclined to exclude this expert testimony, the defendant requests that government timely provide a complete written summary of the testimony and the supporting underlying records reviewed to formulate those opinions.  Additionally, the defense would ask for summaries and notes of the physical examinations of the victims in support of this expert opinion.  Finally, the defense would ask for a pretrial admissibility hearing or Daubert Hearing on this issue.

      Respectfully submitted;
*s; Peter T. Patanzo*
Benjamin, Aaronson, Edinger & Patanzo, PA
1 Financial Plaza, suite 1615
Fort Lauderdale, Florida 33394
(954) 779-1700 phone
(954) 779-1771 fax
ppatanzo@bellsouth.net
Counsel for Tara Jo Moore

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed on CM / ECF, this 24th day of June, 2014 and served on all those associated with the electronic service list.

                *s/; Peter T. Patanzo*
                Peter T. Patanzo, Esq.