UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO; 13-80054-CR-MARRA

UNITED STATES of AMERICA,
    Plaintiff,

v.

TARA JO MOORE,
    Defendant.
_____/

### DEFENDANT MOORE'S MOTION TO SEVER COUNTS

    The defendant, Tara Jo Moore, by and through undersigned counsel, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, seeks relief from the prejudicial joinder of counts contained in the third superseding indictment and as grounds in support would state;

    1.  On March 7, 2013, the Grand Jury returned a two count indictment against the defendant and co-defendant Dontavious Blake.  Count 1 of that indictment charged the defendant's did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor transport, provide, obtain and maintain by any means a person, that is, T.H., knowing and in reckless disregard of the fact that T.H. had not obtained the age of 18 year and would be caused to engage in a commercial sex act, in violation of 18 USC § 1591(a)(1) and (b)(2) and Title 18 USC § 2. [DE:32].

    Count 2 of the original indictment charged that the defendants willfully combined, conspired, confederated and agree with each other and with others known and unknown to the Grand Jury, to knowingly, in and affecting interstate and foreign commerce, recruit, entice,

1

harbor transport, provide, obtain and maintain by any means a person, that is, T.H., knowing and in reckless disregard of the fact that T.H. had not obtained the age of 18 year and would be caused to engage in a commercial sex act, in violation of 18 USC § 1591(a)(1) and (b)(2); all in violation of 18 USC § 1594©).   [DE:32].

    2.  A superseding and second superseding indictment were subsequently filed essentially adding counts to the original charges of Sex Trafficking of Minors and Conspiracy and / or changing the dates of the Conspiracy. [DE:72,125].

    3.  The government has represented that in seeking a conviction on those counts, they were proceeding under the theory that the defendant's had a reasonable opportunity to observe the victims and therefore the defendant's knew or should have known that the victims had not reached the age of 18.

    4.  On May 22, 2014, the Grand Jury returned a six count indictment entitled Third Superseding Indictment, which in effect was the fourth indictment in this case.  [DE:147].

    4.  The Third Superseding Indictment alleges an entirely new theory of prosecution for a violation of 18 USC § 1591(a)(1) and (b)(1) and 18 USC § 1594.  The government now alleges that the defendant's have committed Sex Trafficking and Conspiracy by the use of force, threats of force, coercion or a combination of such conduct, in violation of 18 USC § 1591(a)(1); (b)(1); § 1594©) and §2, in addition to the three counts of Sex Trafficking by way of having a reasonable opportunity to observe the minor victims.  The Third Superseding Indictment charges two  new counts of Sex Trafficking with two new alleged victims and a Conspiracy count that encompasses a 14 month period and according to the government may involve more than 10 additional prostitutes. [DE:147].

6. Essentially, the third superseding indictment alleges an entirely new Sex Trafficking case by the use of violent conduct and coercion that is unrelated to the first three counts which involve the opportunity to observe the minor victims. The anticipated testimony the government intends to offer against defendants on the new counts is irrelevant in all respects to the original crimes charged and not otherwise necessary to prove the crimes charged. Ms. Moore believes the introduction of such evidence will have an unduly prejudicial "spill over" in a joint trial, to the extent that she will not receive an impartial jury verdict on each and every count. The defendant further believes no limiting instruction can "unring" the prejudicial effect of the testimony related to the use of force, threats, coercion or a combination of such conduct. Therefore, Ms. Moore would ask for a separate trial on the counts.

## ARGUMENT

Rule 14 permits a severance if it appears that the defendants or the government will be prejudiced by the joinder. That decision is entrusted to the discretion of the trial judge and will not be disturbed on appeal absent an abuse of that discretion. *United States v. Bovain*, 708 F.2d 606, 608 (11th Cir.1983).

In evaluating whether the evidence has a harmful spill-over effect on the jury's deliberations, the court must consider whether under all circumstances of the particular case , it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant or counts in the indictment. In sum, can the jury keep separate the evidence and render a fair and impartial verdict. *See Peterson v. United States*, 344 F.2d 419, 422 (5th Cir.1965); *see also United States v. Lippner*, 676 F.2d 456, 464–65 (11th Cir.1982).

In this inquiry, a defendant must demonstrate "compelling prejudice" caused by the alleged evidentiary spill-over, which effectively precluded the jury's ability to make the necessary individualized determination. *See, e.g., United States v. Varella*, 692 F.2d 1352, 1360 (11th Cir.1982); *United States v. Phillips*, 664 F.2d 971, 1016–17 (5th Cir.1981) (Unit B), cert. denied, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). Absent such a showing, the policy favoring a single trial of persons or counts jointly indicted should prevail. *See Bovain*, 708 F.2d at 608; *Varella*, 692 F.2d at 1360.

Ms. Moore argues that the third superseding indictment essentially charges a separate case of Sex Trafficking by a separate theory of prosecution. The anticipated evidence is prejudicial and irrelevant in a case that originally charged only a reasonable opportunity view alleged minor victims without any force, threats, coercion or any other violent conduct. Because of the compelling prejudicial effect of this evidence, the defendant believes it will have a prejudicial "spill over" effect on a jury when they consider the reasonable opportunity to observe counts and no limiting instruction will relieve the defendant of the prejudicial effect.

WHEREFORE, the defendant would respectfully request a severance of the counts contained in the third superseding indictment and a separate trial on those counts.

Respectfully submitted;
*s/; Peter T. Patanzo*
Peter T. Patanzo, Esq.
Benjamin, Aaronson, Edinger & Patanzo, PA
1 Financial Plaza, suite 1615
Fort Lauderdale, Florida 33394
(954) 779-1700 phone
(954) 779-1771 fax
ppatanzo@bellsouth.net
ppatanzo@benjaminaaronson.com
Counsel for Ms. Moore

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with EM / ECF this 1st day of July, 2014 and served on all those associated with the service list.

_s/; Peter T. Patanzo_
Peter T. Patanzo, Esq.
