UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO; 13-80054-CR-MARRA


UNITED STATES of AMERICA,
          Plaintiff,


     v.


TARA JO MOORE,
          Defendant.
_____ /


DEFENDANT MOORE'S
MOTION TO DISCLOSE CONFIDENTIAL RECORDS

The defendant, Tara Jo Moore, by and through counsel, respectfully files this defense

Motion to Disclose Confidential Records and as grounds in support would state:

I.  **Records Sought by the Defendant:**

   a.  Marchman Act Records of K.C. and H.S.

   b.  Juvenile Delinquency Records for H.S.

   c.  Juvenile Delinquency Records for T.H.

II.     **Essential Facts:**

   1.  The defendant is charged with Sex Trafficking of a Minor and Conspiracy, in violation

of 18 USC §1591(a) and §1594.  T.H. is one of the alleged victims in those counts.  The

defendant is also charged with three counts of Sex Trafficking by the use of force, threats of

force, coercion or a combination of such actions.  K.C. and H.S. have been identified by the

government as victims in the counts charged in the indictment.

2.  T.H., K.C. and H.S., have provided the government with statements (FBI 302's) and are expected to testify at trial.

3.  Through defense investigation of public records, it has been determined that a Marchmen Act Petition for Involuntary commitment and treatment was filed on behalf of K.C. on October 5, 2009.  That Petition is reflected in case number 2009MH001677XXXXNB.  The Petition was filed by who is believed to be the relatives of K.C.  An Involuntary Assessment was entered on October 28, 2009.  No further information is available for that record without further court order.

Also, a Petition for Involuntary commitment and treatment was filed on behalf of K.C. on October 30, 2009.  Records suggest this Petition was filed by one of the same relatives.  Records suggest that an Involuntary Assessment was filed on November 6, 2009.  It should be noted that K.C.'s, DOB, is January 1992.  It is believed that K.C. would have been 17, at the time of the above Involuntary Assessments and any commitment.

K.C. is a named victim in count 5 of the new indictment and also subject to inclusion in the Conspiracy alleged in count 6.  As the Court knows from prior hearings, substance abuse records treatment records for K.C. subsequent to the events outlined above are in the process of being disclosed to the defense.

4.  It has been determined that through public records that, a Marchman Act case on behalf of H.S. was filed on June 24, 2008.  A Petition for Involuntary Assessment was filed on June 24, 2008, and an Order for Involuntary Assessment was entered on July 9, 2008.  Those records are reflected in case number 2008MH001205XXXXSB.  No other information is available without further court order.

2

5.  FDLE public records show that H.S. was charged as a Juvenile with a third degree felony alleging Vehicle Theft, on July 22, 2008.  Records also show that H.S. was charged with Failure to Appear on December 30, 2008.  No other information is available for these Juvenile Delinquency records without further court order.

6.  T.H. is the named victim in count 1 & 3 of the indictment.  Substance abuse records regarding treatment for T.H. from the Kelly Center have previously been disclosed.  The defendant now seeks Juvenile Delinquency records for T.H.  The Kelly Center documents and other public records prove that on May 5, 2011, PBSO charged T.H., with Burglary, Larceny, Felony Possession of a Controlled Substance and Petit Theft in case number 502011CJ001695XXXXMB.  T.H. was again charged with Vehicle Theft on December 14, 2011.  It is believed that case number is 2011CJ004541XXXXMB.

## MEMORANDUM AND ARGUMENT

Florida Statute § 397, The Marchman Act, provides a procedure for both voluntary and involuntary assessments, commitment and treatment for individuals, including minors, when a Court of competent jurisdiction finds that the criteria for such services have been proved by clear and convincing evidence.  A person meets that criteria for involuntary assessment if there is good cause to believe the person is substance abuse impaired and, because of such impairment: (1) has lost the power of self-control with respect to substance abuse; and either (2)(a) has inflicted, or threatened or attempted to inflict, or unless admitted is likely to inflict, physical harm on himself or herself or another; or (b) is in need of substance abuse services and, by reason of substance abuse impairment, his or her judgment has been so impaired that the person is incapable of appreciating his or her need for such services and of making a rational decision in regard thereto.

*Fla. Stat. § 397.675.*

Pursuant to Fla. Stat. § 397.6818, the subject individual or minor is entitled to an evidentiary hearing by the Court for determination for involuntary assessment and stabilization. Based on its determination, the Court shall either dismiss the petition or immediately enter an order authorizing the involuntary assessment and stabilization of the respondent; or if in the course of the hearing the court has reason to believe that the respondent, due to mental illness other than in addiction to substance abuse impairment, is likely to injure himself or others, the court may initiate involuntary proceedings under the provision of chapter 394, of the Florida Statutes. If the Court finds that the conditions for involuntary substance abuse treatment have been proved by clear and convincing evidence, it may order the respondent to undergo involuntary treatment by a licensed service provider. As a general rule, the records of service providers which pertain to the identity, diagnosis and prognosis of and service provision to any individual are confidential and exempt from public record requests. Such records may not be disclosed without the consent of the individual or upon a court order based on a showing of good cause. *Florida Statute §397.501(7)(a)(5)*. In determining whether there is good cause for disclosure, the court shall examine whether the public interest and the need for disclosure outweigh the potential injury to the individual. *Id*.

K.C. and H.S. are listed victims in the indictment and critical witnesses against the defendant. Understanding that the Marchmen Act records sought here occurred approximately 1 year prior to the indictment in the case of K.C. and longer with respect to H.S., the defendant believes the records are necessary to give the jury a complete picture of the credibility of both witnesses and possible mental health issue should the records prove such impairment. To

suggest to the jury, through cross examination, that the records already provided complete the picture of the extent and nature of the witnesses substance abuse problem and impaired judgment would not be accurate.  Further, these records may show a period in time in close proximity to the period in which they will be testifying about, in which these witnesses may have been under such psychological distress due to their substance abuse or other defect that it so disrupted their judgement that they could not appreciate the need for stabilization or treatment.  The statute also provides that mental illness may play a part in the Court's decision to order an involuntary assessment.  It should also be noted that, the prior hearings on this issue and records already disclosed suggest that, the same or similar behavior continued after the involuntary assessments and treatment sought here, up to and including the time period of the indictment.  The jury, when weighing the credibility of these witnesses, should be allowed to consider a complete picture of each witness's  addiction or other related illness to the extent that their judgment and perception was impaired to the extent that they could not appreciate the need for treatment or stabilization.

This is not a "fishing expedition".  The defense appreciates the sensitive nature of the records sought, however due process consideration and right to cross examine a critical government witness is paramount to the confidential nature of the documents, should the Court find them relevant.  There is proof that orders for involuntary assessments were issued for both K.C and H.S.  The substance of which is unavailable to the defense through any other means other than asking this Court for release of the records and review of the documents.

Rule 609 of the Federal Rules of Evidence, governs the admissibility of Impeachment Evidence of a Criminal Conviction.  Subsection (d) of that Rule discusses the admissibility of Juvenile Adjudications.  The Rule provides that evidence of Juvenile Adjudications are

admissible under this Rule only if: (1) it is offered in a criminal case; (2) the adjudication was of a witness other than the defendant; (3) an adult's conviction for that offense would be admissible to attack the adult's credibility; and (4) admitting the evidence is necessary to fairly determine guilty or innocence.

The crimes against both H.S. and T.H. are all punishable by more than 1 year imprisonment in Florida and are not sought against a defendant in a criminal case.  These records would otherwise be admissible should they have been crimes of an adult witness.  The defendant seeks access to the court files and records of the investigating agencies to include, but not limited to, the police reports, property receipts, disposition sheets and orders of any sentence and recommended treatment.

WHEREFORE, the defendant seeks an Order releasing the Marchmen Act records sought for K.C. and H.S. and also the Juvenile Delinquency records for H.S. and T.H.

<div style="margin-left: 40%;">

Respectfully submitted;
*s/; Peter T. Patanzo*
Peter T. Patanzo, Esq.
Benjamin, Aaronson, Edinger & Patanzo, PA
1 Financial Plaza, suite 1615
Fort Lauderdale, Florida 33394
(954) 779-1700 phone
(954) 779-1771 fax
ppatanzo@bellsouth.net
Counsel for Tara Jo Moore

</div>

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

electronically filed on CM / ECF, this 1st day of July, 2014 and served on those associated with

the electronic service list.

s/; Peter T. Patanzo
Peter T. Patanzo, Esq.