UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  13-80054-CR-MARRA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DONTAVIOUS BLAKE,

      Defendant.

_____/

## MOTION FOR SEVERANCE OF DEFENDANTS

## OR IN THE ALTERNATIVE, EXCLUSION OF EVIDENCE

Defendant, Dontavious Blake and co-defendant, Tara Moore, are charged with causing minors to engage in commercial sex acts, and with causing adults to engage in commercial sex by means of coercion, in violation of 18 U.S.C. §1591, and conspiracy, in violation of 18 U.S.C. § 1594(c).  On July 2, 2014, only nineteen days before trial, the Government disclosed for the first time an alleged factual basis for its theory of coercion: That Blake coerced drug addicted women into prostitution by providing them with drugs. At the motions hearing the Government also elicited testimony about police responding to a domestic disturbance between defendants Blake and Moore.  Furthermore, the text messages and email that the Government seized in the prostitution investigation contain messages purportedly about Blake hitting Moore, that she was hit "like a man," and that she should have left him the first time it happened.[1]  All viewed

_____

[1]  See Exhibit 1, Extraction Report for Huawei phone, 561-727-7483, seized when defendant was arrested, page 364 of 411, (reproduced as written in the text messages):
•     5/29/2012, 6:37:47 AM: U blk my eye and cant even give a cig if I dont answer ur phones

together, it now becomes apparent that co-defendant Moore will highlight what  was previously

irrelevant domestic evidence, to tie in with the Government's claim of coercion, and present an

antagonistic defense that Blake coerced not only the alleged victims, but that co-defendant Moore

was also a victim of coercion.  In a case where Blake is facing a possible sentence of life in

prison, a severance should be granted due to  antagonistic defenses so that Blake is not

simultaneously prosecuted by both, the Government and the co-defendant.

In the alternative, if a severance is not granted, defendant Blake moves the Court to

preclude evidence of domestic violence and coercion of Moore pursuant to FRE 404(b), Rule

403, and on the basis that it is hearsay being offered for the truth of the matter asserted in

violation of FRE 802.


## MEMORANDUM OF LAW

### A.    The Court Should Grant A Severance of Defendants

Defendants may be  properly joined "if they are alleged to have participated in the same

act or transaction, or in the same series of acts or transactions, constituting an offense or

offenses."  FRCP 8(b).  However, Rule 14 recognizes that a proper joinder under Rule 8(b) may

---

cause my head hurts an im exusted u kno this shit not workin.
- 6:38:46 AM: It will serve u right if ur son cum out worse den mines fo the same reasons.
- 9:58:21 AM: U kno this isn't goin work out both of us kno that lets stop kiddin our selfs.
- 10:01:17 AM: U do u n im gone by this weekend keep the money n car just keep me phone on till I can get a job.
- 10:02:10 AM: I think that fair enough to ask.
- 10:06:18 AM: Its safer for me to leave anyway when it comes to him.
- 10:17:09 AM: I gotta leave its no gud here its not healthy fo him for me not sleepin or eating or getting hit like a man.

2

prejudice either a defendant or the Government:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, ir or provide any other relief that  justice requires.

FRCP 14(a).

It is well established that mutually antagonistic or irreconcilable defenses may be so prejudicial as to mandate a severance.  Zafiro v. United States, 506 U.S. 534, 537, 113 S.Ct. 933, 937 (1993); United States v. Magdaniel-Mora, 746 F.2d 715, 718 (11th Cir. 1984).  A severance should be granted if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.  Zafiro v. United States, 506 U.S. at 539, 113 S.Ct. at 938.  The Eleventh Circuit has held that antagonistic defenses must be mutually exclusive, such that in order for a jury to believe the testimony on behalf of one defendant, it must necessarily disbelieve the testimony offered on behalf of the co-defendant.  United States v. Liss, 265 F.3d 1220 (11th Cir. 2001); United States v. Knowles, 66 F.3d 1146 (11th Cir. 1995).

In the present case, the antagonistic defense of coercion presented through the content of email would not only compromise Blake's trial right of confrontation, it would eliminate that right  with respect to Moore because Moore cannot be compelled to testify.  In addition, email evidence that Blake struck co-defendant Moore, gave her a black eye, or hit her like a man, is so inflammatory and prejudicial that a jury could not make a reliable judgment on guilt or innocence about the non-physical coercion being alleged by the Government.  The joint accusations of coercion by the Government and co-defendant Moore would be inseparably intertwined by the

jury- - that Blake is an abuser, such that a limiting instruction could not possibly preserve the integrity of the trial

**B.     The Court Should Preclude Domestic Violence Pursuant to FRE 404(b).**

Rule 404(b) precludes evidence of other crimes, wrongs, or bad acts, subject to a few exceptions for admissibility:

> (1)  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.  FRE 404(b).
> (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Evidence by the Government or by co-defendant Moore that she was coerced by Blake through physical abuse would be evidence of other crimes, wrongs, or bad acts that would not be admissible under any of the grounds permitted by FRE 404(b)(2).  Moreover, forcing Blake to defend against a co-defendant claiming coercion by physical abuse would cause unfair prejudice, confuse the issues, mislead the jury, and cause undue delay and a waste of time, all in violation of FRE 403.

**C.     The Court Should Exclude Hearsay Evidence of Physical Abuse or Coercion.**

FRE 802 provides that hearsay is not admissible unless a federal statute, the rules of evidence, or other rules prescribed by the Supreme Court provide otherwise.  FRE 802.  Hearsay from email or text messages, such as we have in this case, would be offered for the truth of the

matter being asserted, and does not come within any of the hearsay exceptions.  To the contrary, the text messages in the attached Exhibit do not even have a foundational basis of reliability. The messages are written by an individual designated in the messages as "Work Phone, 561-727-6895."  The text messages do not identify the person writing the messages, or who was hit by whom.  The messages offer no time-frame of when the act occurred, and no detail from which to establish reliability.  The text messages are further undermined by testimony at the suppression hearing on July 2, 2014, that police responded to a domestic call regarding Blake and Moore, but it was a verbal altercation, not physical, and there were no bruises, no injury, and no arrest. Accordingly, hearsay evidence about physical abuse or coercion is unreliable and does not fit under hearsay exception, and therefore, should be exlcuded from the trial.

## Conclusion

Defendant Blake is facing life in prison and should have a fair trial with a reliable verdict. These interests are undermined by the Government presenting evidence of Blake physically abusing co-defendant Moore, or by Moore joining the Government's prosecution under a theory that Moore was coerced into criminal activity by Blake.  The surest way to protect Blake's right to a fair trial is to grant Blake's request for a severance from Moore.  In the alternative, if a

severance is denied, the Court should preclude hearsay evidence of physical abuse pursuant to FRE 404(b), 403, and as inadmissible hearsay pursuant to FRE 802.

Respectfully submitted,
MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

 s/Neison M. Marks
Neison M. Marks
Assistant Federal Public Defender
Court Assigned No. A5500635
450 South Australian Avenue
Suite 500
West Palm Beach, Florida 33401
Phone:   561-833-6288
Fax:      561-833-0368
Neison_Marks@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **July 7, 2014,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Neison M. Marks
Neison M. Marks

**SERVICE LIST**
**UNITED STATES OF AMERICA  v.  DONTAVIOUS BLAKE**
**Case No.   13-80054-Cr-Marra**


Neison M. Marks

neison_marks@fd.org

Assistant Federal Public Defender

450 S Australian Avenue

Suite 500

West Palm Beach, Florida 33401

Phone:   561-833-6288

Fax:      561-833-0368

Attorney for Defendant

Lothrop Morris

Lothrop.morris@usdoj.gov

Assistant United States Attorney

500 S Australian Avenue

Suite 400

West Palm Beach, Florida 33401

Phone:   561-820-8711

Fax:      561-820-8777

Attorney for Government


Peter T. Patanzo

Benjamin & Aaronson

1 Financial Plaza

Suite 1615

Fort Lauderdale, FL 33394

954-779-1700

Fax: 779-1771

Email: ppatanzo@bellsouth.net

Attorney for Defendant Tara Moore