UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  13-80054-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONTAVIOUS BLAKE,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO BAR EVIDENCE OF CONSENT AND TO EXCLUDE  PRIOR SEXUAL HISTORY OF VICTIM

    Defendant, Dontavious Blake, through counsel, hereby responds to the Government's Motion to exclude evidence, and offers this notice pursuant to FRE 412(c) of defendant's intent to offer evidence of the sexual history of T.H. and E.P (who are the subjects of the Government's motion *in limine*), as well as K.T., K.C., and other individuals that the Government may call (who are not identified in the Government's *in limine* motion).  The following is offered in support:

    1.  Defendant, Dontavious Blake and co-defendant, Tara Moore, are charged with causing minors to engage in commercial sex acts, and with causing adults to engage in commercial sex by means of coercion, in violation of 18 U.S.C. §1591, and conspiracy, in violation of 18 U.S.C. § 1594(c).  On April 12, 2013, the Government filed its motion *in limine* to preclude evidence of sexual history.  Since then, defendant has been working through thousands of pages of pretrial discovery and volumes of digital data.  During that time, the Government returned to the Grand

Jury several times and obtained a second, third, and most recently, a fourth indictment upon which Mr. Blake was arraigned only one month ago, on June 2, 2014. As recently as June 20, 2014, the Government provided a voluminous phone extraction report, which the Government will use for a substantial portion of evidence in the Government's case. Also coming to a head in recent weeks were the preparation of several motions to suppress and preparation for the hearing on the motions, which took place on July 3, 2014. The Government recently disclosed that it intended to present evidence from a psychological expert, thereby creating a need for the defendant to request a continuance. On July 3, 2014, the court ruled that the Government is precluded from calling a psychological expert, thereby eliminating the need for a continuance of the trial.

     2. FRE 412 requires a party intending to offer evidence under this rule to provide notice describing the evidence it intends to offer at least 14 days prior to trial, unless for good cause, the court sets a different time. Based on the complex and changing nature of the indictments, the addition of additional alleged victims, most of whom are unnamed in the any of the indictments, the recent disclosure of the Government's theory of prosecution, the volume of discovery and ongoing influx of pretrial discovery that must be reviewed to prepare for trial, and the expectation that a continuance would be needed as a result of the Government's recent disclosure of an expert witness, defendant asks the court to accept this notice even though it is outside of the 14-day rule.

     3. With respect to alleged victim T.H. defendant intends to offer evidence of the following:

     a. According to pretrial discovery, T.H. worked as a prostitute prior to meeting defendant

2

Blake.  She posted ads on Backpage.com using the names "Brittney" and "Isabella."  She had 10 to 15 regular clients and worked in hotels in the West Palm Beach area.  This evidence is probative of T.H.'s credibility and is a fundamental aspect of Blake's Sixth Amendment Right of Confrontation.  The evidence is probative of T.H.'s credibility because she gave conflicting responses about these activities during her court ordered drug treatment.  In T.H.'s Biopsychological Assessment dated June 24,2011, she was asked if she engaged in sex for drugs or money, and her answer was "no."  In her assessment on February 4, 2012, T.H. gave no response when asked the same question.  These materials place a cloud on T.H.'s credibility because she has either lied about being a prostitute or lied in denying it.  This is highly probative because many of the Backpage ads attributed to Mr. Blake state that the escorts are paid only for time, companionship, and modeling, and that there is no prostitution.  Pretrial discovery shows that a person purporting to be T.H. appeared in a Backage ad dated October 11, 2011, under the "Heather."  The ad states, "Money exchanged is for my time only!"  There is evidence that T.H. acted in accordance with being a no-prostitution escort.  T.H. told interviewing Agents that she met Frank Smith through Backpage.com.  According to T.H., she and Smith met at hotels for a few dates and hung out, but did not have sex, and that Smith paid her $150.00 each time.

    b. T.H. became involved with Frank Smith in a personal and sexual relationship while she was a minor.  Smith made explicit videos of their sexual activities.  T.H. acknowledged in a police interview that her relationship with Smith was personal and sexual, and not prostitution.  Smith was arrested and convicted of sex offenses, and became a Government cooperator seeking a sentence reduction.  T.H.'s personal and sexual involvement with Smith are probative of her credibility and motives to testify against defendant Blake.

c. There is evidence in pretrial discovery that Smith and T.H. had a turbulent relationship because Smith believed that T.H. was having sex with other individuals. The evidence indicates that their personal relationship became more business oriented, and that T.H. had sex with Smith for money on her own, with no connection to Blake, and that T.H. and Smith embarked on an escort or prostitution business of their own, again, with no connection to Blake.

4. With respect to E.P., the Government will claim that E.P. worked as a prostitute for Blake before she turned 18, on October 1, 2012. Other evidence shows that E.P. using the name "Jackie," appeared in a Backpage ad posted by Blake on January 19, 2013, when E.P. was 18 years old and not a minor. The ad states: "ALL MONEY THAT IS EXCHANGED IS FOR MY TIME, MODELING AND COMPANIONSHIP ONLY!!" Defendant Blake intends to offer evidence that E.P. and Blake had an emotional and sexual relationship. Testimony about their relationship is probative of E.P.'s credibility and motives for testifying against Blake, and is within a well-established area of cross examination and the exercise of the Sixth Amendment Right of Confrontation.

5. In the forth indictment in this case, entitled "Third Superseding Indictment," the Government added two additional alleged victims, K.T. and K.C., who the Government claims were coerced into prostitution. According to K.T., she worked as a prostitute for Blake on what she estimates was 3 to 7 dates. K.T. appears in a Backpage ad dated September 6, 2012, using the name, "Daniella." The ad states, "Money exchanged is for time and modeling purposes only." Prior to meeting Blake, K.T. acknowledges that she worked in adult clubs, including Flashdance, Wild West, and Paper Moon, but claims that did not engage in prostitution. Defendant Blake intends to examine K.T. about her activities at the adult clubs, and whether that

included sexual activity, including but not limited to intercourse, for money in the course of her employment.  This evidence is probative of K.T.'s credibility on whether or not she engaged in prostitution for Blake, and whether or not she was coerced by Blake.  This evidence is within Blake's right to present a defense and have a meaningful exercise of his Right of Confrontaton.

      6. Defendant Blake intends to offer the following sexual history evidence pertaining to K.C.: K.C. appears in a Backpage ad dated October 4, 2012, and appears to use the name, "Eve."  The ad states, "Any money exchanged is for time and modeling purposes only."  Defendant intends to examine K.C. about sexual activity she had with a Riviera Beach police officer, beginning on or about September 2010.  K.C. was arrested by Officer Daniel Rivera when she was 16 years old.  According to K.C., Officer Rivera began sending text messages to her soon after the arrest, and the messages became sexual, including a naked photo of the officer.  About ten days after the texts began arriving, K.C. was at a drug party and called Officer Rivera for a ride home.  Rivera arrived and K.C. got into the officer's car.  According to K.C. the officer tried to force her to kiss him and tried to undress her.  K.C. resisted.  The officer pulled his pants down for forced K.C. to touch his penis, and then forced her face onto his penis.  K.C. met with an Assistant State Attorney and worked with investigators to make recorded calls of Officer Rivera, who later resigned, but was not prosecuted.  K.C. is on probation for drug possession.  The evidence of sexual history is probative of K.C.'s credibility and to show that she has made a claim of sexual misconduct prior to this case.  The evidence is needed to show that K.C. hopes and expects to get favorable treatment for her probation violations.  The Government has indicated that K.C. has a sister who is incarcerated, and that K.C. hopes to get favorable treatment for her sister.  In order to test K.C.'s credibility and properly exercise Blake's Right of

Confrontation, the court should permit evidence of K.C.'s claim of sexual misconduct by a police officer.

## ARGUMENT

Rule 412 of the Federal Rules of Evidence states:

(a) The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
    (1) evidence offered to prove that a victim engaged in other sexual behavior; or
    (2) evidence offered to prove a victim's sexual predisposition.

FRE 412(a).

This bar on the use of evidence of sexual history gives way to the following exceptions:

(b)(1) The court may admit the following evidence in a criminal case:

    (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;
    (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecution; and
    (C) evidence whose exclusion would violate the defendant's constitutional rights.

FRE 412(b).

Subsections (c)(1)(A) and (B) provides that a party intending to offer evidence under Rule 412(b) must file a motion that specifically describes the evidence the purpose for which it is to be offered, at least 14 days before trial unless the court, for good cause, sets a different time.

**A.**   **There is Good Cause for the Court to Allow Defendant's Rule 412 Motion Outside the 14-Day Rule.**

Paragraph 1, above, describes the complexity and volume of material involved in preparing for trial and determining a defense strategy in this case. Along with this is the unusual

procedural history of this case in which the Government has obtained four indictments. The most recent arraignment was approximately one month ago, on June 2, 2014. [DE 155]. The latest indictment added new alleged crimes, new alleged victims, and numerous unalleged and unnamed victims. As a result, defendant moved for a Bill of Particulars, and was given an oral Bill of Particulars at the hearing on the motion, only two weeks ago, on June 27, 2014. [DE 188]. Despite the Bill of Particulars, it was only at a hearing on pretrial motions on July 3, 2014, that the defense got its first notice of how the Government intends to make its case that victims were coerced into prostitution. All of this was occurring during an influx of new discovery and a notice by the Government of its intention to use expert testimony, which would trigger a continuance of the trial. However, on July 3, 2014, the court precluded the Government's expert and eliminated the need for a continuance. Great efforts are being made by the defense to prepare for trial on July 21, 2014. For all of these reasons, and since there would be no prejudice to the Government or to the alleged victims, the court should allow this motion to be filed outside of the 14-day pretrial period in Rule 412(c). On the other hand, denying the motion would cause great prejudice to defendant ability to present a defense and exercise his Right of Confrontation in this complex, voluminous, and difficult case in which he is facing up to life in prison.

**B.     Evidence of Sexual History Should Be Admitted At Trial Pursuant To Rule 412(b)(1)(C), That Exclusion Would Violate the Defendant's Constitutional Rights.**

The Eighth Circuit, quoting the U.S. Supreme Court has stated that, "The opportunity to expose 'possible biases, prejudices, or ulterior motives' of a witness as 'they may relate directly to the issues or personalities in the case at hand,' is one important function of the right to

confront witnesses." United States v. Tail, *459 F.3d 854, 860 (8th Cir. 2006)*, quoting Davis v. Alaska, 415 U.S. 308, 316 (1974).

The Government's motion *in limine* spends most of its time arguing that the 412 evidence is not admissible because consent is not a defense, and that there is no relevance in this case regarding evidence that someone other than the defendant was the source of semen, injury, or other physical evidence.  However, the defendant is not asserting either of these reasons for the admission of 412 evidence.  Defendant asserts that the 412 evidence is admissible in this case under the Sixth Amendment Right of Confrontation, to challenge witness credibility, and their biases, prejudices, and motives for testifying, and to show that there was no coercion.  The defense has no intention of humiliating or degrading any witness with questions about sexual activity, and will abide by any protection the court finds necessary to put in place.  However, the trial of this case will center on the issues of credibility, bias, and motive with respect to sexual interactions and activities that are inextricably intertwined with the nature of the allegations and the nature of the corresponding defenses.  To preclude defendant from using 412 evidence would undermine the Right of Confrontation and the ability to present a defense.  For example, the Government in this case expressed an intention to ask alleged victims about their psychological and emotional condition in relation to the claim that they were coerced into prostitution.  Yet, in Unites States v. Bear Stops, 997 F.2d 451, 455 n.2, (8th Cir. 1993), the Court noted that the "exception permitting the admission of such evidence when 'constitutionally required'" was applicable to claimed psychological injury."  Defendant's right to rebut the Government's evidence of coercion by psychological and emotional leverage would be disabled by the preclusion of 412 evidence.

Moreover, the evidence defendant intends to use is contemporaneous or close in time to the events alleged in the indictment, which spans from August 2011 though October 4, 2012. The Government cites United States v. Ezell, 24 M.J. 690, 693 (A.C.M.R. 1987), to say that evidence that a rape victim had allegedly worked as a prostitute prior to the rape was inadmissible under Military Rule of Evidence 412 because the evidence was not constitutionally required. [Gov't Motion, p.6]. However, in Ezell, the ruling was based on the fact that the evidence of the victim's prostitution was remote because it occurred six years prior to the alleged events, and as a result, was not relevant. In the present case, the 412 evidence is contemporaneous or close in time, and is very relevant on the issues of credibility, bias, prejudice, motive, and coercion. Defendant's case is more in line with Unites States v. Bear Stops, 997 F.2d 451, 455 n.2, (8th Cir. 1993), in which evidence that the victim was sexually assaulted by three other boys was constitutionally required to be admitted because those assaults occurred *at about the same time* as the defendant's sexual assault, *and thus potentially provided an alternative explanation to the defendant's guilt*. Id (emphasis added).

## CONCLUSION

FRE 412 is not intended to exclude any and all prior sexual history of an alleged victim in a criminal case. The evidence defendant seeks to use at trial is relevant and probative, and would help the jury make an informed and reliable decision about issues of truth and lies, bias and prejudice, motives to testify, and the absence of psychological and emotional coercion. These are the basic ingredients of Blake's defense and should be allowed in order to have a fair and meaningful trial. This depends on permitting Blake to exercise his Sixth Amendment Right of Confrontation on these issues. This right was given renewed emphasis by the Supreme Court in

*Crawford v. Washington,* 541 U.S. 36, 42-68 (2004), stating, "... the only indicium of reliability sufficient to satisfy constitutional demands is confrontation."

For all of the foregoing reasons, the Government's Motion *In Limine* should be denied.

Respectfully submitted,
MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

 *s/Neison M. Mark*s
Neison M. Marks
Assistant Federal Public Defender
Court Assigned No. A5500635
450 South Australian Avenue
Suite 500
West Palm Beach, Florida 33401
Phone:   561-833-6288
Fax:      561-833-0368
Neison_Marks@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **July 9, 2014,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Neison M. Marks*
Neison M. Marks

SERVICE LIST
UNITED STATES OF AMERICA  v.  DONTAVIOUS BLAKE
Case No.   13-80054-Cr-Marra

Neison M. Marks
neison_marks@fd.org
Assistant Federal Public Defender
450 S Australian Avenue
Suite 500
West Palm Beach, Florida 33401
Phone:   561-833-6288
Fax:       561-833-0368
Attorney for Defendant

Lothrop Morris
Lothrop.morris@usdoj.gov
Assistant United States Attorney
500 S Australian Avenue
Suite 400
West Palm Beach, Florida 33401
Phone:   561-820-8711
Fax:       561-820-8777
Attorney for Government

Peter T. Patanzo

Benjamin & Aaronson
1 Financial Plaza
Suite 1615
Fort Lauderdale, FL 33394
954-779-1700
Fax: 779-1771
Email: ppatanzo@bellsouth.net
Attorney for Defendant Tara Moore