UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80054-CR-MARRA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TARA JO MOORE,

        Defendant.

_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SEVER COUNTS ONE THROUGHN SIX

The United States of America, by and through Wifredo A. Ferrer, United States Attorney for the Southern District of Florida, and the undersigned counsel, hereby opposes the Defendants' Motion to Sever Counts Four through Six of the Third Superseding Indictment. Defendants' motion should be denied because (1) joinder is proper under Rule 8(a), Federal Rules of Criminal Procedure, in that all of the charged counts are connected with, and constitute parts of, the Defendant's common scheme or plan, and (2) because Defendants have not shown that a failure to sever would cause compelling prejudice to them. Indeed, no such prejudice exists, as the evidence related to the sex trafficking charges (Counts One through Six) would be admissible in a trial. The evidence of the Defendant's sex trafficking conduct using force, coercion or a combination of such conduct is relevant to demonstrate the essential elements of how the Defendant enticed and coerced the sex trafficking victims.

1

<u>**MEMORANDUM OF LAW**</u>

**I.      Background and Theory of the United States' Case**

The Defendant along with Co-Defendant Dontavious Blake are charged in Counts One and Two with sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) and Title 18 U.S.C. § 2. [DE:147]. Count Three charges the Defendant and Co-Defendant Dontavious Blake with conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2), and § 1594(c). [DE:147]. Counts Four and Five charge the Defendant and Co-Defendant Dontavious Blake with sex trafficking by use of force, threats of force, coercion or a combination of such conduct, in violation of 18 U.S.C. § 1591(a)(1); (b)(1). *Id.* Count Six charges the Defendant and Co-Defendant Dontavious Blake with Conspiracy to engage in sex trafficking by use of force, threats of force, coercion or a combination of such conduct, in violation of 18 U.S.C. § 1591(a)(1); (b)(1) and § 1594(c).

The sex trafficking of minors and the sex trafficking of adults by force and the conspiracy to do the same are related in that they are part of the same plan and scheme to engage in sex trafficking generally. The Defendants' use of force, threat of force, coercion or a combination of such conduct against the victims forms the basis of the "coercion" element of those charges. "Coercion" is defined by statute to include "threats of serious harm to or physical restraint against any person" and 'any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person." 18 U.S.C. § 1591(e)(2). In turn, the statute defines 'serious harm" to mean "any harm, whether physical or nonphysical, . . . , that is sufficiently serious, . . . , to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing

commercial sexual activity in order to avoid incurring that harm." 18 U.S.C. § 1591(e)(4).

The Government's theory of the case is that from at least August 2011 through October 2012, the Defendants coerced multiple drug addicted female victims to engage in commercial sex in violation of federal law. Moore and Blake utilized the victims' vulnerability, drug addiction, to force and coerce them into engaging into prostitution. The evidence will show that Blake and Moore caused some of the victims to become addicted to Oxycodone.   This addiction was so severe that that victims would suffer from opiate withdrawal sickness if they did not routinely take Oxycodone.   This opiate withdrawal sickness is called getting "pill sick."   The victims will describe being "pill sick" as experiencing a combination of painful physical and psychological symptoms such as seizures, fever, chills, cramping, vomiting, and diarrhea.   These victims will each testify that they continued to engage in commercial sex activity because of their fear of getting "pill sick."

This fear of severe withdrawal symptoms meets the definition of "serious harm" as defined by the Statute.   Not only are the symptoms of opiate withdrawal the experience of severe physical pain, but the threat of withdrawal sickness constitutes "psychological" harm that is "sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm."   18 U.S.C. § 1591(e)(4).

**Joinder is Appropriate**

Federal Rule of Criminal Procedure 8(a) permits joinder of offenses when the offenses charged "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Cr. P. 89a). This rule is "broadly construed in favor of the

initial joinder." *United States v. Dowd*, 451 F.3d 1244, 1249 (11th Cir. 2006) (quoting *United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000)). Here, the charges in the superseding indictment can be divided into two categories: (1) sex trafficking of minors and conspiracy offenses (Counts One through three), and (2) sex trafficking by the use of force, threats of force, coercion or a combination of such conduct and conspiracy offenses (Counts Four through Six). These two categories "are 'connected' together if the proof of one crime constitutes a substantial portion of the proof of the other." *United States v. Montes-Cardenas*, 746 F.2d 771, 76 (11th Cir. 1984) (citations omitted).

### A.  Anticipated Evidence of Sex Trafficking Offenses without Any Force, Threats, Coercion, or Any Other Violent Conduct

The Defendant argues that "the Government can present its case as to the Defendants sex trafficking offenses of minors independent of the sex trafficking offenses with force, threats, coercion, or a combination of such. But this argument ignores the evidence provided the Defendant through the discovery process. The Government's anticipated evidence will demonstrate through witness testimony that the victims were patients at rehabilitation facilities who engaged in prostitution because the defendants preyed on their specific vulnerability as drug addicts by supplying them with drugs and manipulating them into continuing to engage in prostitution because they feared loss of their drug supply and withdrawal.  The government's evidence for Counts One through Three constitutes a substantial portion of the proof against the Defendants for counts Four through Six.

### B.  Anticipated Evidence of Sex Trafficking Offenses with Force, Threats, Coercion, or a Combination of Violent Conduct

The Government's anticipated evidence will establish further that the Defendants initially enticed the sex trafficking victims through use of force, threat of force, or a combination of

violent conduct. The victim's testimony will establish that the Defendants targeted vulnerable victims. Once luring in the victims, the Defendants used force, threat of force, coercion, or a combination of such conduct by supplying free narcotics until the victims became addicted. Once the victims became addicted the defendants put them into an apartment with video surveillance, guards and drug dealers to supply the drugs. The only way that the victims could obtain the drugs necessary to fuel their addiction and avoid withdrawal was to engage in prostitution. This was a very effective method to recruit, control and maintain the victims for the defendants sex trafficking ring. This type of enticement, use of drugs, is an essential element for all of the Counts of sex trafficking in this case.

"Joint trials in these circumstances obviate the need for the government to make duplicate offers of proof, and allow the accused to avoid the inconvenience of two separate trials." *Montes-Cardenas*, 746 F.2d at 776 (citations omitted). Here, because the sex trafficking offenses with force, threat of force, coercion, or other such conduct and the sex trafficking of minors offenses constitute a substantial portion of the proof of the other, the Government should not be made to offer "duplicate offers of proof" in separate trials.

## II.      No Prejudice to the Defendants

The Defendants argues that trying the sex trafficking offenses with force, threat of force, coercion, or other such conduct in the same trial as the sex trafficking of minors offenses will prejudice the Defendants, and therefore relief must be granted under Rule 14. "In considering a motion to sever, the district court must 'balance the prejudice that a defendant may suffer from a joint trial, against the public's interest in judicial economy and efficiency.'" *United States v. Knowles*, 66 F.3d 1146, 1158 (11th Cir. 1995) (quoting *United States v. Cross*, 928 F.2d 1030, 1037 (11th Cir.), cert. denied, 502 U.S. 985 (1991)). The Defendants claims that a joint trial risks

5

conviction due to the spillover effect.

"In order to obtain a severance under rule 14 of Federal Rules of Criminal Procedure, a defendant must show that prejudice will result from the inclusion of the count in question." *United States v. O'Malley*, 707 F.2d 1240, 1250 (11th Cir. 1983). Some prejudice is inherent in all multi-count indictments, and the defendants must show "compelling prejudice" to warrant severance over the interest in the expedient administration of the judiciary. *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993); *United States v. Harris*, 908 F.2d 728, 737 (11th Cir. 1990). The Defendants has a heavy burden to show compelling prejudice. *United States v. Hersh*, 297 F.3d 1233, 1243 (11th Cir. 2002). The test is, under all circumstances, is it within the capacity of reasonable jurors to follow a court's limiting instruction and renders a fair and impartial verdict? *Id.* "The Constitution does not guarantee a trial free from prejudice . . . it demands only that the potential for transference of guilt be minimized to the extent possible under the circumstances." *United States v. Diaz*, 248 F.3d 1065 (11th Cir. 2001) (district court did not abuse its discretion in denying motions to sever offenses and defendants where six defendants were charged in a conspiracy to violate the Hobbs Act and other charges).

The Defendants fails to show that any prejudice, much less compelling prejudice will result in this case. The Defendants must do more than merely show that prejudice will result; he also "must show that the prejudice cannot be alleviated by the trial court and as a result, the defendants will be unable to obtain a fair trial." *Id.* (citing *United States v. DeSimone*, 660 F.2d 532, 539 (5th Cir. 1981), *cert. denied*, 455 U.S. 1027 (1982)). The Defendants offer no evidence to show that they will not obtain a fair trial. Instead, the Defendants offer only the fear that a properly instructed jury will disregard their sworn oath and this Court's instructions. The Defendants' bald assertion does not mandate relief under Rule 14. A jury is presumed to follow

6

the instructions given to it by the District Court. *United States v. Bennett*, 368 F.3d 1343, 1351 (11th Cir. 2004).

Moreover, the Defendants cannot show prejudice because no prejudice exists. In *United States v. Pierce*, 733 F.2d 1474, (11th Cir. 1984), the Eleventh Circuit Court of Appeals followed *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964) for examples of prejudice caused by joinder. What *Drew* makes clear is that if, "under the rules relating to other crimes, the evidence of each of the crimes on trial would be admissible in a separate trial for the other, the possibility of 'criminal propensity' prejudice would be in no way enlarged by the fact of joinder." *Drew*, 331 F.2d at 90.

## CONCLUSION

Joinder in this case is appropriate under Rule 8(a). The sex trafficking offenses constitute parts of a common scheme or plan.  Further, none of the Defendants' asserted reasons for needing severance in this case amount to compelling prejudice that cannot be overcome by jury instructions. A joint trial on all of the charges in the superseding indictment will not prejudice

the Defendants, as evidence of both the sex trafficking offenses would be admissible in separate trials.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

 s/LOTHROP MORRIS
By: LOTHROP MORRIS
ASSISTANT U.S. ATTORNEY
Florida Bar # 0095044
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
(561) 820-8711
(561) 820-8777 (FAX)
LOTHROP.MORRIS@USDOJ.GOV

8

<u>**Certificate of Service**</u>

I HEREBY CERTIFY that on July 13, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

<u>S/ LOTHROP MORRIS</u>
LOTHROP MORRIS
ASSISTANT UNITED STATES ATTORNEY