UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80054-CR-MARRA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TARA JO MOORE,

        Defendant.
_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SEVERANCE OR IN THE ALTERNATIVE EXCLUSION OF EVIDENCE**

The United States of America, by and through Wifredo A. Ferrer, United States Attorney for the Southern District of Florida, and the undersigned counsel, hereby opposes the defendant's Motion for Severance of defendants or in the Alternative Exclusion of Evidence. Defendant's motion should be denied because (1) joinder is proper under Rule 8(a), Federal Rules of Criminal Procedure, in that all of the charged counts are connected with, and constitute parts of, the defendant's common scheme or plan, (2) because defendant has not shown that a failure to sever would cause compelling prejudice to him and (3) the Court can, if necessary, exclude the alleged prejudicial text messages to prevent any prejudice to defendant Blake.

## FACTS

**I.     The Charges**

The defendant Dontavious Blake along with co-defendant Tara Jo Moore are charged in Counts One and Two of the Third Superseding Indictment with sex trafficking of a minor, in

1

violation of 18 U.S.C. § 1591(a)(1) and (b)(2) and Title 18 U.S.C. § 2. [DE:147]. Count Three charges the defendants with conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2), and § 1594(c). [DE:147]. Counts Four and Five charge the defendants with sex trafficking by use of force, threats of force, coercion or a combination of such conduct, in violation of 18 U.S.C. § 1591(a)(1); (b)(1). *Id*. Count Six charges the defendants with Conspiracy to engage in sex trafficking by use of force, threats of force, coercion or a combination of such conduct, in violation of 18 U.S.C. § 1591(a)(1); (b)(1) and § 1594(c).

## II.  Background and Theory of the United States' Case

The charges for sex trafficking of minors and the charges for sex trafficking of adults by force are related in that they are part of the same plan and scheme to engage in sex trafficking generally. The defendants' use of force and other means forms the basis of the "coercion" element of those charges. "Coercion" is defined by statute to include "threats of serious harm to or physical restraint against any person" and 'any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person." 18 U.S.C. § 1591(e)(2).  The statute defines 'serious harm" to mean "any harm, whether physical or nonphysical, . . . , that is sufficiently serious, . . . , to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm." 18 U.S.C. § 1591(e)(4).

The Government's theory of the case is that from at least August 2011 through October 2012, the defendants coerced multiple drug addicted female victims to engage in commercial sex in violation of federal law. Moore and Blake utilized the victims' vulnerability, drug addiction,

2

to force and coerce them into engaging in prostitution. The Government expects the evidence will show that Blake and Moore caused some of the victims to become addicted to Oxycodone. This addiction was so severe that the victims would suffer from opiate withdrawal sickness if they did not obtain Oxycodone. This opiate withdrawal sickness is called getting "pill sick." The victims will describe being "pill sick" as experiencing a combination of painful physical and psychological symptoms such as seizures, fever, chills, cramping, vomiting, and diarrhea. These victims will testify that they continued to engage in commercial sex activity in order to obtain their supply of Oxycodone and because of their fear of getting "pill sick."

This fear of severe withdrawal symptoms meets the definition of "serious harm" as defined by the statute. Not only are the symptoms of opiate withdrawal the experience of severe physical pain, but the threat of withdrawal sickness constitutes "psychological" harm that is "sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm."   18 U.S.C. § 1591(e)(4). The Government intends to introduce evidence that Blake also made threats to certain prostitutes to collect money for drug debts. However, it is not the Government's theory of the case that Blake physically assaulted victims to make them engage in prostitution or take part in his sex trafficking ring.

### III.     Joinder is Appropriate

Federal Rule of Criminal Procedure 8(a) permits joinder of offenses when the offenses charged "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Cr. P. 89a). This rule is "broadly construed in favor of the initial joinder." *United States v. Dowd*, 451 F.3d 1244, 1249 (11th Cir. 2006) (quoting *United*

*States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000)). Here, the charges in the superseding indictment can be divided into two categories: (1) sex trafficking of minors and conspiracy offenses (Counts One through Three), and (2) sex trafficking by the use of force, threats of force, coercion or a combination of such conduct and conspiracy offenses (Counts Four through Six). These two categories "are 'connected' together if the proof of one crime constitutes a substantial portion of the proof of the other." *United States v. Montes-Cardenas*, 746 F.2d 771, 76 (11th Cir. 1984) (citations omitted).

## MEMORANDUM OF LAW

The Court must undertake a two-step inquiry to determine whether separate charges may be properly tried at the same time. First, the government bears the burden to show that joinder of the offenses is proper under Federal Rule of Criminal Procedure 8(b). *United States v. Gabay*, 923 F.2d 1536, 1539 (11th Cir.1991). If it is, the Court then must consider whether it should exercise its discretion to sever offenses in order to avoid prejudice to a defendant or the government. *Id.* (citing *United States v. Montes–Cardenas*, 746 F.2d 771, 776 (11th Cir.1984)).

Federal Rule of Criminal Procedure 8(a) governs the joinder of offenses, providing:

> The indictment of information may charge a defendant in separate counts with 2 or more offenses if the offenses charged whether felonies or misdemeanors or both are of the same or similar character, or are based on the same act or transaction, or are connected or constitute parts of a common scheme or plan. Fed.R.Crim.P. 8(a).

Joinder of offenses is proper when "the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense." *United States v. Weaver*, 905 F.2d 1466, 1477 (11th Cir.1990).

"[W]hen the defendant attacks joinder as improper based on the indictment but later evidence shows that joinder is proper, [courts] look beyond the face of the indictment."

4

*Dominguez*, 226 F.3d at 1241. Rule 8 requires the government to allege, not prove, facts necessary to sustain joinder. *Id*. (failure to prove these facts at trial does not mean joinder was improper if the government's allegations were made in good faith).

The Court should consider whether substantial prejudice would result from a joint trial on the sex trafficking of minors counts and the sex trafficking using force, threats of force or coercion counts. Federal Rule of Criminal Procedure 14(a) allows the court to "order separate trials of counts ... or provide any other relief that justice requires" in the event that a joinder of offenses in an indictment or for trial "appears to prejudice a defendant or the government." Fed.R.Civ.P. 14(a). Any such relief is within the discretion of the district court. *United States v. Benz*, 740 F.2d 903, 911 (11th Cir.1984). The defendant bears the heavy burden to demonstrate the existence of compelling prejudice which would result in an unfair trial. *United States v. Kennard*, 472 F.3d 851, 858–59 (11th Cir.2006).

**I.      Blake's Motion To Sever Based On Antagonistic Defense**

Here, Blake's claims are highly speculative of prejudice resulting from antagonistic or irreconcilable defenses. Blake presumes, without producing evidence, that Moore will testify that he forced her to participate in the sex trafficking ring. Blake basis this speculation on a single text message. Blake claims fall far short of his burden to show why this Court should exercise its discretion under Rule 14 to sever the charges in his Third Superseding Indictment. *See Kennard*, 472 F.3d at 858–59. This Court could easily exclude the text message in an evidentiary ruling to prevent such alleged prejudice.

Severance on the basis of antagonistic defenses is only justified if the alleged antagonistic offenses are "mutually exclusive and irreconcilable." *United States v. Andrews*, 765 F.2d 1491, 1498 (11th Cir.1985), cert. denied, 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986). In

other words, severance is appropriate only in circumstances in which the jury is faced with the problem of being able to believe one defendant's position or another defendant's position—but not both; belief of one position necessitates disbelief of the other. *United States v. Frost*, 61 F.3d 1518, 1526 (11th Cir.1995).

In the instant case, defendants have failed to show that the jury will have to make that choice. Blake's claims amount to speculation regarding hypothetical defenses.  This does not prove that there will be irreconcilable conflicts.  At this juncture, there is no reliable evidence of antagonism among the parties that would justify severance on that basis. Hence, severance is not warranted on the basis of antagonistic defenses.

Finally, after balancing the risk of unfair prejudice to Blake against the interests of judicial economy and the victims interest in avoiding multiple trials, this Court should deny Blake's motion to sever trial on the charges against him. *See United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir.2005) (the district court is required to balance the right of the defendant to a fair trial against the public's interest in efficiency and judicial economy); *Benz*, 740 F.2d at 911.

## II.     Blake's Motion to Sever Generally

Defendants charged with participating in the same offenses are ordinarily tried together, even if the evidence is stronger against some than against others. *See United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir.1997); *United States v. Velasquez*, 772 F.2d 1348, 1352 (7th Cir.1985) (noting that the danger of prejudice to the least guilty or the prejudice from confusion in a multi-defendant trial is almost always outweighed by the economies of a single trial).

The Court may consider severance of defendants under Rule 14 where there is a disparity in proof presented as to one defendant over others or prejudicial spillover from defendant to the other. *See United States v. Blankenship*, 382 F.3d 1110, 1123–24 (11th Cir.2004). The defendant

6

bears the heavy burden to show that a jury will be unable, due to the massive amount and complex nature of the evidence, to make an individualized guilt determination for each defendant. *Francis*, 131 F.3d at 1459 (citing *United States v. Saget*, 991 F.2d 702, 707 (11th Cir.1993)). Conclusory allegations cannot carry such a burden. Id. at 145 (citing *United States v. Hogan*, 986 F.2d 1364, 1375 (11th Cir.1993). Moreover, the presumption exists that cautionary instructions to the jury will guard adequately against any prejudice arising from the joint trial. *United States v. Gonzalez*, 940 F.2d 1413, 1428 (11th Cir.1991); *Francis*, 131 F.3d at 1459 (affirming district court's denial of motion to sever).

Some prejudice is inherent in all multi-count indictments, and the defendant must show "compelling prejudice" to warrant severance over the interest in the expedient administration of the judiciary. *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993); *United States v. Harris*, 908 F.2d 728, 737 (11th Cir. 1990). The defendant has a heavy burden to show compelling prejudice. *United States v. Hersh*, 297 F.3d 1233, 1243 (11th Cir. 2002). The test is, under all circumstances, is it within the capacity of reasonable jurors to follow a court's limiting instruction and render a fair and impartial verdict. *Id.*

## **CONCLUSION**

Joinder in this case is appropriate under Rule 8(a). The sex trafficking offenses constitute parts of a common scheme or plan. Further, none of the defendant's asserted reasons for needing severance in this case amount to compelling prejudice that cannot be overcome by evidentiary rulings and jury instructions. A joint trial on all of the charges in the superseding

indictment will not prejudice the defendant, as evidence of both the sex trafficking offenses would be admissible in separate trials.

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

                s/LOTHROP MORRIS
            By: LOTHROP MORRIS
                ASSISTANT U.S. ATTORNEY
                Florida Bar # 0095044
                500 Australian Avenue, Suite 400
                West Palm Beach, FL 33401
                (561) 820-8711
                (561) 820-8777 (FAX)
                LOTHROP.MORRIS@USDOJ.GOV

## Certificate of Service

   I HEREBY CERTIFY that on July 23, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

             S/ LOTHROP MORRIS
             LOTHROP MORRIS
             ASSISTANT UNITED STATES ATTORNEY