UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  13-80054-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONTAVIOUS BLAKE,

    Defendant.
_____/

# DEFENDANT BLAKE'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR SEVERANCE OF DEFENDANTS OR IN THE ALTERNATIVE, EXCLUSION OF EVIDENCE

Defendant Dontavious Blake, through counsel, hereby responds to the Government's Opposition to Blake's Motion for a Severance of Defendants.

The Government, in its opposition to the severance motion asserts that a severance should be denied because (1) joinder is proper under Rule 8(a); because defendant has not shown that a failure to sever would cause compelling prejudice, and (3) the Court can exclude prejudicial text messages to prevent any prejudice to Blake.  In response, Blake asserts that the Government's positions are not well-taken and show a willful blindness to undeniable prejudice from an antagonistic and inflammatory defense that is certain to deprive Blake of a fair trial.

The Government begins it argument stating that Blake's claims of prejudice from an antagonistic defense is speculative; that Blake presumes without evidence that Moore will testify that she was coerced; and that Blake's speculation is based on a single text message. [Gov't Motion, p. 5].  Each of these assertions by the Government is incorrect and invalidates the basis

of its opposition. There is nothing speculative about the existence and presence of Moore's antagonistic defense. There are many text messages and emails in pretrial discovery, as the Government well knows, that express the volatile relationship that Blake and Moore had. There is no doubt from reading the messages that Moore's defense will claim that she was in love with Blake; she became pregnant by him; that Moore believed that Blake was with other women; that Blake "hit her like a man" and gave her a black eye; and as a result she was dependent on Blake and coerced into using her phones and on-line accounts for the escort /prostitution business. Here are examples of those written messages:

Defendant's motion cited a series of text messages dated May 29, 2012, which Moore's defense will highlight as Moore getting "hit like a man" and getting a black eye. There are also numerous text messages from the same phone identity, "Work Phone," phone number 561-727-6895, that say, "I hate u" and "fuk u," and refer to Moore's pregnancy by Blake, "This kid is a mistake I don't love u like that no more im sorry."

On phone number 561-231-1468, Moore as "Snowbunny," using phone 561-294-1629, writes on August 6, 2011, "Donta im tierd of the shit," "...i jus didn't sign up the this when u wanted to move in togethe,"

On phone number 561-294-1629, Moore as "Snowbunny," writes on August 2, 2011, "I love you dontavious blake with all my heart n soul." On August 5, 2011, Moore writes about the early stage of her pregnancy by Blake, " Dam baby i scared now ur bout to lose ur job n i still not get my period on i love u." On August 6, 2011, Snowbunny writes, "Tiers of a nasty house not being amd able to take a bath and now she livin here donta i jus didnt sign up for this when u wanted to move in togethe."

On the Coolpad 4 G cell phone, marked as specimen Q25, and believed to be phone number 561-907-2842, the following messages appear: On Feb. 8, 2013: "I love u with all my heart i truly do n always will its not the same n u felt it to not the same at all." On Feb. 10, 2013: "For u wreckin my stuff u anit goin to see your child till i get 9000 $ bet that." On the same date: "Call me now" "or im turnin myself into the hospital u did it drove me crazy." "If u dont call me b4 12 it goin be ova." "I loved u so much n that why this shit hurts so much i just want hurt u as much as i do but i sorry shit didnt work out. i truly am." On Feb. 13, 2013: "Ur no fuckin gud." On Feb. 19, 2013: "I cant b wit sum1 i dont trust."

Moore's Facebook account contains the following: On Dec. 10, 2012, Moore is exchanging messages with Juanita Miletta. Miletta describes a domestic incident to Moore: "baby was in the living room we was in the bedroom i was packing his shit n he just went after me n snaped i believ he was drugged up it was ;like he was a monster im just done with it all." "baby was screams n crying he heard it all." Moore responds: "thats pussy shit u needa get ur as a tazer ... yep i got one just for dumb shit like that." On Oct. 24, 2014, Moore writes: "yup hes a fukin pussy.... hit me in front of lili have her cryin n shit man fuk that it anit the 1st time tho shudve left the 1st time."

Moore also posted statements on her Facebook account in the areas designated for Status and Comments: On Feb. 6, 2013, she posted her status as: "Being cheated on hurts so bad........." Diana Mccoy responded, "d is a piece of shit u and ur kids desearve so much better."

The Government seems to have turned a blind eye to these highly prejudicial, character-assassinating, inflammatory, and irrelevant communications, but the Court should not. The Government claims that there is no evidence that Moore will testify, but if these messages are

3

admitted into evidence, she would not have to testify to make her attack on Blake. Even without Moore's testimony, these written messages would make it impossible for Blake to have a fair trial. If Moore testifies, the attack on Blake would be even worse. Either way, the jury would be presented with a case by the Government that Blake coerced women into prostitution, and Moore would attach herself onto the Government's theory of prosecution and portray herself as another victim of coercion. Blake and Moore will be in complete antagonistic positions in the eyes of the jury - - If the jury believes Moore's defense, then Blake's defense must be rejected, and if the jury believes Blake's defense, then Moore's defense must be rejected.

      The injustice to Blake is made more compelling since the domestic incidents that Moore will use for her defense are irrelevant to the charges in the indictment, since there is no allegation that Blake physically coerced any of the alleged victims in the indictment. Evidence of domestic violence would be extremely prejudicial under FRE 403, and inadmissible under FRE 404(b).

      The Government suggests that the Court can give the jury some sort of limiting instruction that the jury would follow, and thereby preserve a fair trial for Blake. However, the Government offers no sample of what such an instruction would say. The defense cannot imagine what instruction could possibly limit how a jury would consider evidence that Blake was a woman-beater, but that evidence can only be considered with respect to Moore's defense that she was coerced, and cannot be considered with respect to whether Blake coerced any of the alleged victims to engage in prostitution. Such an instruction is self contradictory because the defenses are completely antagonistic. There is no rational basis to expect a jury to follow such an instruction, and for the Government to think so is the elevation of form, efficiency, and tactical advantage over the Constitutional right to a fair trial based on the rules of evidence, without

4

passion or prejudice as the basis for the verdict.

FOR THE FOREGOING REASONS, the Court should grant Blake's motion to sever defendants.  In the alternative, the Court should preclude evidence of domestic violence and domestic discord between Blake and Moore because it is irrelevant; it is unduly prejudicial under FRE 403; it is not admissible under FRE 404(b), and it would be inadmissible hearsay under FRE 802.

        Respectfully submitted,
        MICHAEL CARUSO
        FEDERAL PUBLIC DEFENDER

        *s/Neison M. Marks*
        Neison M. Marks
        Assistant Federal Public Defender
        Court Assigned No. A5500635
        450 South Australian Avenue
        Suite 500
        West Palm Beach, Florida 33401
        Phone:   561-833-6288
        Fax:       561-833-0368
        Neison_Marks@fd.org

## CERTIFICATE OF SERVICE

  I HEREBY certify that on **July 29, 2014,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              *s/Neison M. Marks*
              Neison M. Marks

**SERVICE LIST**
**UNITED STATES OF AMERICA  v.  DONTAVIOUS BLAKE**
Case No.   13-80054-Cr-Marra

| | |
|---|---|
| Neison M. Marks | Lothrop Morris |
| neison_marks@fd.org | Lothrop.morris@usdoj.gov |
| Assistant Federal Public Defender | Assistant United States Attorney |
| 450 S Australian Avenue | 500 S Australian Avenue |
| Suite 500 | Suite 400 |
| West Palm Beach, Florida 33401 | West Palm Beach, Florida 33401 |
| Phone:  561-833-6288 | Phone:  561-820-8711 |
| Fax:     561-833-0368 | Fax:     561-820-8777 |
| Attorney for Defendant | Attorney for Government |

Peter T. Patanzo

Benjamin & Aaronson
1 Financial Plaza
Suite 1615
Fort Lauderdale, FL 33394
954-779-1700
Fax: 779-1771
Email: ppatanzo@bellsouth.net
Attorney for Defendant Tara Moore