UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80054-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONTAVIOUS BLAKE,
TARA JO MOORE,

    Defendants.
_____/

## DEFENDANT BLAKE'S PROPOSED JURY INSTRUCTIONS

    Mr. Dontavious Blake, through the undersigned counsel, respectfully requests that the following instructions be included in the Court's instructions on the charges against the defendants in the above-captioned matter. He further respectfully requests leave to submit additional instructions as may become appropriate and necessary during the course of the trial.

                              Respectfully submitted,
                              MICHAEL CARUSO
                              FEDERAL PUBLIC DEFENDER

                              *s/Neison M. Marks*
                              Neison M. Marks
                              Assistant Federal Public Defender
                              Court Assigned No. A5500635
                              450 South Australian Avenue
                              Suite 500
                              West Palm Beach, Florida 33401
                              Phone:   561-833-6288
                              Fax:     561-833-0368
                              Neison_Marks@fd.org

**PROPOSED INSTRUCTION NO. 1**

**THE INDICTMENT, PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF**

Mr. Dontavious Blake and Ms. Tara Jo Moore have been charged in an indictment with sex trafficking and conspiracy to commit sex trafficking.  Mr. Blake and Ms. Moore have pled not guilty to those charges.  Those not guilty pleas put in issue each of the essential elements of the offenses as described in the indictment and in these instructions, and imposes upon the prosecution the burden of establishing each of those elements beyond a reasonable doubt.  I will explain those elements to you in a moment.  I am not going to read the indictment to you because you will be given a copy of it for study during your deliberations.  Please bear in mind when you read the indictment that it is not evidence and may not be considered to be evidence supporting any of those elements.  An indictment is merely an accusation.  No juror should permit himself or herself to be influenced against Mr. Blake or Ms. Moore because of, or on account of, the indictment or their having to stand trial here.  That Mr. Blake and Ms. Moore have been accused and are on trial is not evidence of guilt, and you are not permitted to speculate or infer from the fact that they have been charged that they are more likely to be guilty than innocent.  Indeed, you must bear in mind at all times that they are presumed to be innocent.  In other words, each Defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the prosecution has proven a given Defendant is guilty of a given charge beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow my instructions as a whole.  You must not single out or disregard any of the Court's

instructions on the law.

---
Eleventh Circuit Pattern Basic Instruction 2.2, The Duty to Follow Instructions and the Presumption of Innocence (modified). Hon. Leonard B. Sand, et al., <u>Modern Federal Jury Instructions - Criminal</u>, (hereinafter "<u>Sand</u>") ¶¶ 3-1, 3-2, 4-1 (modified).  The Eleventh Circuit's recommended charge, Basic Instruction 2.2, is deficient in two respects: (1) it fails to contain affirmative language to the effect "I instruct you that the Defendant is to be presumed by you to be innocent" and (2) it fails to focus specifically on the presumption of innocence throughout the entire course of deliberations.

## **PROPOSED INSTRUCTION NO. 2**

## **CONSIDER ONLY THE CHARGES IN THE INDICTMENT**

I want to emphasize to you that Mr. Blake and Ms. Moore are only on trial at this time and in this particular case for the crimes charged in this indictment.  They are not on trial for any act, conduct or offense not alleged in the indictment.  You are here to decide only whether the prosecution has proved beyond a reasonable doubt that Mr. Blake and Ms. Moore are guilty of each of the crimes charged in this indictment.  Your are only to return a verdict as to the charges contained in this indictment.

_____
Sand ¶ 3-3 (modified).

## PROPOSED INSTRUCTION NO. 3

## SEX TRAFFICKING OF A MINOR

Counts One and Two of the indictment charge Dontavious Blake and Tara Jo Moore with sex trafficking of minors. It is a federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain or maintain any person, knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act. The essential elements of the offense of sex trafficking of minors, each of which the prosecution must prove beyond a reasonable doubt, are:

1. the defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained a person who was a minor, that is, a person under the age of 18;

2. the defendant knew that the person in question was a minor or recklessly disregarded the fact that the person was a minor;

3. the defendant knew or recklessly disregarded the fact that the minor in question would be caused to engage in a commercial sex act, as that term will be defined for you; and

4. the conduct was in or affecting interstate commerce.

I will now explain each of those elements in more detail.

_____

18 U.S.C. § 1591(a)

5

## PROPOSED INSTRUCTION NO. 4

## SEX TRAFFICKING OF A MINOR - FIRST ELEMENT

The first element of the crime of sex trafficking of a minor is that the defendant must have knowingly recruited, enticed, harbored, transported, provided, obtained or maintained a person who was a minor, that is, a person under the age of 18. In considering whether a defendant did any of these things, I instruct you to use the ordinary, everyday definitions of these terms. "Recruit" means to enroll. "Harbor" means to give shelter. "Transport" means to take or convey from one place to another. "Provide" means to furnish, supply or make available. "Obtain" means to gain possession or acquire. "Maintain" means to preserve or keep. Finally, the term "knowingly" means voluntarily and intentionally and not because of accident or mistake.

Regarding Counts One or Two, if you have a reasonable doubt as to whether the defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained a person who was a minor, that is, a person under the age of 18, you should render a verdict of not guilty as to that defendant on that count or counts. On the other hand, if you find that the government has established those facts regarding Counts One or Two, you should then consider the second element.

---

*United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009) ("When a statutory term is undefined, courts give it its 'ordinary meaning' or 'common usage.' To ascertain ordinary meaning, courts often turn to dictionary definitions for guidance."); The American Heritage Dictionary (Houghton Mifflin Co.).

## PROPOSED INSTRUCTION NO. 5

## SEX TRAFFICKING OF A MINOR - SECOND ELEMENT

The second element of the crime of sex trafficking of a minor is that the defendant knew that the person in question was a minor or recklessly disregarded the fact that the person was a minor. Under the law, where a defendant's knowledge of a fact is an essential element of an offense, it is enough that the defendant was aware of a high probability that the fact existed and deliberately avoided learning the truth so that he or she could deny actual knowledge. That is what is meant by reckless disregard of a fact. Whenever I use the term "recklessly disregarded" or "reckless disregard" anywhere in these instructions, it carries that same meaning. I must emphasize that negligence, carelessness or foolishness is not enough to prove reckless disregard of a fact. In order to establish this element, the prosecution must prove beyond a reasonable doubt that the defendant either knew the person in question was a minor or that the defendant had every reason to know that the person in question was a minor but deliberately avoided finding out.

Regarding Counts One or Two, if you have a reasonable doubt as to whether the defendant knew that the person in question was a minor or recklessly disregarded the fact that the person was a minor, you should render a verdict of not guilty as to that defendant on that count or counts. On the other hand, if you find that the government has established those facts regarding Counts One or Two, you should then consider the third element.

---

Eleventh Circuit Pattern Special Instruction 8, Deliberate Ignorance as Proof of Knowledge (modified).

## PROPOSED INSTRUCTION NO. 6

## SEX TRAFFICKING OF A MINOR -THIRD ELEMENT

The third element of the crime of sex trafficking of a minor is that the defendant knew or recklessly disregarded the fact that the person in question would be caused to engage in a "commercial sex act." The term "sex act" means contact between the penis and the vulva, the penis and the anus, the penis and the mouth, the vulva and the mouth, the penetration of the anal or genital opening of another by a hand, finger or by any object, with an intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person, or the intentional touching, not through clothing, of the genitalia of another person who has not attained the age of 16 years with intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person. The term "commercial sex act" means a "sex act" as I have defined that term on account of which anything of value is given or received by any person.

In order to establish this element, the prosecution must prove beyond a reasonable doubt that the minor in question engaged in commercial sex acts, as I have defined those terms, and that the defendant knew or recklessly disregarded the fact that she did so, as I have defined that term, within the time frame set forth in the pertinent count of the indictment.

Regarding Counts One or Two, if you have a reasonable doubt as to whether the minor in question engaged in a commercial sex act, as I have defined those terms, or if you have a reasonable doubt as to whether the defendant knew or recklessly disregarded the fact that the minor engaged in a commercial sex act, as I have defined those terms, you should render a verdict of not guilty as to that defendant on that count or counts. On the other hand, if you find that the government has established beyond a reasonable doubt both that the minor engaged in a commercial sex act and that

the defendant knew or recklessly disregarded the fact that she did so, you should then consider the

fourth element of this offense.

---

18 U.S.C. § 1591(e)(3) provides that, "[t]he term 'commercial sex act' means any sex act, on account of which anything of value is given or received by any person.'" The statute thus defines "commercial" but not "sex act." If left undefined, the term "sex act" is impermissibly vague. See *Backpage.com LLC v. Cooper*, 939 F.Supp.2d 805 (M.D.Tenn. 2013). 18 U.S.C. § 2246(2) defines "sexual act" in the manner applied in this proposed instruction. It is reasonable to conclude that the terms "sex act" and "sexual act" carry similar, if not identical, meanings. See also, Fla.Stat. § 796.07(1)(a), which defines "prostitution" as "sexual activity for hire" and Fla.Stat. § 796.07(1)(d) which, in turn, defines "sexual activity" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation." "A criminal defendant has the right to have the jury instructed on her theory of defense, separate and apart from instructions given on the elements of the charged offense." *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995).

## PROPOSED INSTRUCTION NO. 7

## SEX TRAFFICKING OF A MINOR - FOURTH ELEMENT

The fourth element of the crime of sex trafficking of a minor is that the defendants' conduct was in or affected interstate or foreign commerce. "Interstate commerce" means the flow of commerce or business activities between a state and any point outside of that state. Acts and transactions which are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal, "affect" interstate commerce.

_____

*United States v. Evans*, 476 F.3d 1176 (11th Cir. 2007).

## PROPOSED INSTRUCTION NO. 8

## SEX TRAFFICKING OF A MINOR - CONSPIRACY

Count Three of the indictment charges Dontavious Blake and Tara Jo Moore with conspiracy to engage in sex trafficking of minors. I have previously explained what is meant by the term sex trafficking of minors as it relates to Counts One and Two. It is a separate federal crime for anyone to conspire with someone else to do something that would be another federal crime – in this case, sex trafficking of minors as alleged in Counts One and Two – if it were actually carried out. A "conspiracy" is an agreement by two or more people to commit a particular crime. In other words, it is a kind of "partnership" for specific criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member. It is necessary for the members to have formed an agreement, although it need not be a written or formal agreement. A conspiracy is complete upon the reaching of an agreement to an unlawful plan – in other words, if the government proves beyond a reasonable doubt that the defendants agreed upon an unlawful plan it need not also prove that they succeeded in carrying out the plan. The defendants can be found guilty of conspiracy only if the following facts are proved beyond a reasonable doubt:

1. two or more people in some way agreed to try to accomplish a shared and unlawful plan to engage in sex trafficking of minors; and

2. that the defendant knew the unlawful purpose of the plan to engage in sex trafficking of minors and joined another conspirator in it.

---

Eleventh Circuit Pattern Offense Instruction 13.1, General Conspiracy Charge (modified). An overt act is not a statutory element. See, e.g., *United States v. Hall*, 349 F.3d 1320 (11th Cir 2003). Because there are only two people named in the indictment, it would be improper to say the government does not have to prove all of the people named in the indictment were members, or to discuss participation by defendants joining an ongoing conspiracy.

## PROPOSED INSTRUCTION NO. 9

## SEX TRAFFICKING BY COERCION

Counts Four and Five of the indictment charge Dontavious Blake and Tara Jo Moore with sex trafficking by force or coercion. It is a federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain or maintain any person, knowing or in reckless disregard of the fact that force or coercion would be used to compel that person against her will to engage in a commercial sex act. The essential elements of the offense of sex trafficking by force or coercion, each of which the prosecution must prove beyond a reasonable doubt, are:

1. the defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means a person;

2. the defendant did so knowing or in reckless disregard of the fact that force or coercion, as I will define those terms for you, would be used to compel the person to engage in a commercial sex act against her will; and

3. the conduct was in or affecting interstate or foreign commerce.

I will now explain each of those elements in more detail.

---

18 U.S.C. § 1591(a). The government has declared in response to a motion for a bill of particulars that, although the indictment tracks the statute which broadly encompasses fraud, force and coercion, it is not claiming that fraud is an operable fact in this case. The word "compel" is used instead of "cause" inasmuch as it more accurately corresponds to the use of force or coercion than simply "cause," which would only apply if fraud were the operative inducement. See *World Rentals & Sales v. Volvo Const. Equip. Rents*, 517 F.3d 1240, 1248-49 (11th Cir. 2008) (*coercion* means to compel an act against ones will), 18 U.S.C. § 1591(c)(2) defining "coercion" and sister statute 18 U.S.C. § 1589 (forced labor law – *forced labor* is work a person is compelled to perform against his or her will). "The words 'force, coercion or duress' necessarily require that the victim is a non-consenting participant." *United States v. Helem*, 186 F.3d 449, 456 (4th Cir. 1999).

## PROPOSED INSTRUCTION NO. 10

## SEX TRAFFICKING BY COERCION - FIRST ELEMENT

The first element of the crime of sex trafficking by force or coercion is that the defendant must have knowingly recruited, enticed, harbored, transported, provided, obtained or maintained a the person alleged to be a victim. In considering whether a defendant did any of these things, I instruct you to use the ordinary, everyday definitions of these terms I gave you previously.

Regarding Counts Four and Five, if you have a reasonable doubt as to whether the defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained the person named in that count, you should render a verdict of not guilty as to that defendant on that count or counts. On the other hand, if you find that the government has established those facts regarding Counts Four and Five, you should then consider the second element.

---

18 U.S.C. § 1591(a).

**PROPOSED INSTRUCTION NO. 11**

**SEX TRAFFICKING BY COERCION - SECOND ELEMENT**

The second element of the crime of sex trafficking by force or coercion is that the Defendants must have knowingly used coercion to force the person identified as the alleged victim in Count Four and/or Count Five to engage in commercial sex acts, as I have previously defined that term to you, against her will. The term "coerce" means to compel a person to act against their will by threats of serious harm or physical restraint. Regarding this element, the prosecution must prove beyond a reasonable doubt there was an unlawful and present, immediate, and impending threat of serious harm to the alleged victim in question, whether physical or nonphysical, including psychological, that was sufficiently serious, under all of the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or continue to perform commercial sexual acts against her will in order to avoid incurring the threatened harm. The term "compel" means that the alleged victim had no reasonable alternative to engaging in commercial sex acts against her will in light of threatened serious harm or physical restraints. The federal law in this regard is concerned not simply with whether the Defendants employed the alleged victim to engage in prostitution, but rather with whether the alleged victim was held in involuntary servitude by the Defendants as a prostitute. The mere fact that not working for the Defendants as a prostitute would have adverse consequences for the alleged victim is insufficient to qualify working for them as a prostitute as involuntary servitude. If the alleged victim in a count charging sex trafficking by force or coercion willingly engaged in commercial sex acts, regardless of whatever influences were brought to bear upon her by the Defendants, then she was not coerced by them to do so. On the other hand, if she was forced to engage in commercial sex acts against her will because she had no

reasonable alternative due to threats of serious harm or physical restraints by the Defendants, then her conduct was the product of coercion.

Regarding Counts Four and Five, if you have a reasonable doubt as to whether the person named in Count Four and/or Count Five was coerced, meaning forced and compelled by threats of serious harm or physical restraint, by the Defendants to engage in commercial sex acts against her will, then you should render a verdict of not guilty on that count or counts. On the other hand, if you find that the government has established those facts regarding Counts Four and Five, you should then consider the third element.

---

18 U.S.C. § 1591(c)(2) & (4) defining "coercion" and "serious harm" (using the operant language incorporated into 18 U.S.C. § 1589, the forced labor statute, which was enacted at the same time as section 1591); Eleventh Circuit Pattern Special Instruction 13.1, Duress and Coercion; Eleventh Circuit Pattern Offense Instruction 62, Involuntary Servitude and Peonage; *United States v. Evans*, 476 F.3d 1176, 1179, including fn 1 (11th Cir. 2007) ("Section 1591 was enacted as part of the Trafficking Victims Protection Act of 2000 ('TVPA') * * * The TVPA criminalizes and attempts to prevent slavery, involuntary servitude and human trafficking for commercial gain. Congress recognized that human trafficking, particularly of women and children in the sex industry, 'is a modern form of slavery, and it is the largest manifestation of slavery today.'"); *United States v. Warren*, 772 F.2d 827 (11th Cir.1985) (discussing coercion that may constitute a holding in involuntary servitude); *United States v. Kozminski*, 487 U.S. 939 (1988) (same); 22 U.S.C. § 7102 (defining "involuntary servitude" in the context of sex trafficking). "The words 'force, coercion or duress' necessarily require that the victim is a non-consenting participant." *United States v. Helem*, 186 F.3d 449, 456 (4th Cir. 1999). "When the employee has a choice [not to work], even though it is a painful one, there is no involuntary servitude." *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990). "A criminal defendant has the right to have the jury instructed on her theory of defense, separate and apart from instructions given on the elements of the charged offense." *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995).

## PROPOSED INSTRUCTION NO. 12

## SEX TRAFFICKING BY COERCION - THIRD ELEMENT

The third element of the crime of sex trafficking by coercion is that the defendants' conduct was in or affected interstate or foreign commerce.  "Interstate commerce" has the meaning I gave you earlier in these instructions.

_____
*United States v. Evans*, 476 F.3d 1176 (11th Cir. 2007).

SERVICE LIST
UNITED STATES OF AMERICA  v.  DONTAVIOUS BLAKE
Case No.   13-80054-Cr-Marra

Neison M. Marks
neison_marks@fd.org
Assistant Federal Public Defender
450 S Australian Avenue
Suite 500
West Palm Beach, Florida 33401
Phone:  561-833-6288
Fax:     561-833-0368
Attorney for Defendant

Lothrop Morris
Lothrop.morris@usdoj.gov
Assistant United States Attorney
500 S Australian Avenue
Suite 400
West Palm Beach, Florida 33401
Phone:  561-820-8711
Fax:     561-820-8777
Attorney for Government

Peter T. Patanzo

Benjamin & Aaronson
1 Financial Plaza
Suite 1615
Fort Lauderdale, FL 33394
954-779-1700
Fax: 779-1771
Email: ppatanzo@bellsouth.net
Attorney for Defendant Tara Moore