UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80054-CR-MARRA

UNITED STATES OF AMERICA,

      vs.

DONTAVIOUS M. BLAKE, and
TARA JO MOORE,

      Defendants.

_____/

## COURT'S JURY INSTRUCTIONS

Members of the Jury:

      It is my duty to instruct you on the rules of law that you must follow and apply in deciding this case.   When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

      It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.   You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt.   Indeed, the Defendant is presumed by the law to be innocent.   The law does not require a Defendant to prove his innocence or produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations.   The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt be proved beyond all <u>possible</u> doubt.   The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.   If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.   If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field -- one who is called an expert witness -- is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion.   The same as with any other witness, it is up to you to decide whether to rely upon it.

At this time, I will explain the Third Superseding Indictment, which charges three separate offenses called "counts."   I will not read it to you at length because you will be given a copy of the Third Superseding Indictment for reference during your deliberations.

Count One charges sex trafficking of a minor, T.H.   Count Two charges sex trafficking of a minor E.P.   Count Three charges conspiracy to engage in the sex trafficking of a minor T.H. or E.P.

I will now define the elements of these charges to you at more length.   I will also define certain terms that are used in these charges and instructions.

8

Counts 1 and 2 of the Third Superseding Indictment charges the Defendants with violating Title 18, United States Code, Section 1591(a)(1), (b)(2) and 2. It's a Federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain or maintain by any means a person, knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

The Defendants can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means a person;

(2) that the Defendant did so knowing or in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

(3) that the Defendant's acts were in or affected interstate or foreign commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the Defendants' conduct was "in or affected interstate or foreign commerce," you may consider whether the Defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his or her conduct substantially affected interstate commerce by virtue of the fact that he or she purchased items that had moved in interstate commerce.

9

If the Government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the Government does not have to prove that the defendant knew that the person had not attained the age of 18 years.

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.   A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime-not just proof that the Defendant was simply present at the scene of a crime or knew about it. In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

In Count 3, the Defendants are charged with violating Title 18, United States Code, Section 1594(c).   That provision makes it a Federal crime to conspire to engage in sex trafficking of a minor.

Title 18, United States Code, Section 1591, makes it a Federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes.   Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendants can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

First:      That two (2) or more persons in some way agreed to try to accomplish a shared and unlawful plan;

Second:    That the Defendant, knew the unlawful purpose of the plan and willfully joined in it; and

Third:     That the object of the unlawful plan was to recruit, entice, harbor, transport, provide, obtain, or maintain by any means, a person, knowing or in reckless disregard of the fact that such person has not attained the age of 18 years and would be caused to engage in a commercial sex act;

12

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan- and willfully joined in the plan on at least one occasion- that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

The word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

You will note that the Third Superseding Indictment charges that offenses were committed "on or about" certain dates.   The United States does not have to prove with certainty the exact date of the alleged offense.   It is sufficient if the United States proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

A separate crime or offense is charged in each count of the Third Superseding Indictment.   Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendants guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendants are guilty or not guilty.   The Defendants are on trial only for those specific offenses alleged in the Third Superseding Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.   If the Defendants are convicted, the matter of punishment is for the Judge alone to determine later.

In this case you have been permitted to take notes during the course of the trial, and most of you -- perhaps all of you -- have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.   In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree.    Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.    Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.    While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.    But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.    Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson.   The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.   I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.   I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.