UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80054-Cr-MARRA

UNITED STATES OF AMERICA

v.

TARA JO MOORE,

      Defendant.
_____/

**UNITED STATES' MOTION FOR ORDER FOR
PSYCHOLOGICAL EVALUATION OF MOORE**

      The United States, by and through the undersigned Assistant United States Attorney, hereby files this motion for order for psychological evaluation of defendant, Tara Jo Moore. In support of this Motion, the government hereby states the following:

      1.    This case is set for sentencing on Thursday March 5, 2015 at 9:00 am. On or about March 2, 2015, counsel for defense filed a motion to seal with a sixteen page psychological report attached. In that motion, counsel for defense indicated that it intends to present expert witness testimony at sentencing including the testimony of at least one psychologist who has evaluated Moore. Defense counsel indicated that the expert witness testimony was being introduced for the purpose of mitigating Moore's sentence.

1

2.      Defense counsel has not allowed the Government to conduct an independent psychological evaluation of Moore to counter the evaluations that it intends to present to this court at sentencing.

3.      The court has the inherent authority to order an independent psychological evaluation if the defense counsel intends to present expert witness testimony in the form of a psychiatric or psychological evaluation. *See United States v. Webster*, 162 F.3d 308, 339-40 (5th Cir. 1999).   As a part of that process, 18 U.S.C. § 3552(c) anticipates that a court may desire "more information than is otherwise available to it as a basis for determining the mental condition of the defendant" and the statute gives a court the authority to order "the same psychiatric or psychological examination and report thereon as may be ordered under section 4244(b) of this title." 18 U.S.C. § 3552(c).   Section 3552(c) can be used to resolve a broad range of sentencing considerations where the mental health of the defendant is at issue, including, for example, the proper length of incarceration, appropriate conditions for supervised release, or the availability of a downward departure. *See United States v. Morehouse*, 326 F.Supp.2d 172 (D.Me.2004).

4.      The *Webster* court listed numerous examples in which the court "may require the defendant to submit to a psychological or psychiatric evaluation. " *See United States v. Cohen*, 530 F.2d 43, 47 (5th Cir.1976) (holding that court possesses

2

inherent authority to order exam and admit psychiatric testimony regarding sanity at time of offense in conjunction with exam for competency to stand trial performed pursuant to 18 U.S.C. § 4244);  *United States v. Moudy*, 462 F.2d 694, 697 (5th Cir.1972) (same);  *accord United States v. Malcolm*, 475 F.2d 420, 424 25 (9th Cir.1973) (same); *Gibson v. Zahradnick*, 581 F.2d 75, 78 (4th Cir.1978) (same);  *United States v. Green*, 544 F.2d 138, 145 (3d Cir.1976) (holding that court possesses inherent power to compel exam by own psychiatrist under 18 U.S.C. § 4244);  *United States v. Phelps*, 955 F.2d 1258, 1263 (9th Cir.1992) (inherent authority to compel psychiatric exam to determine whether release appropriate after verdict of not guilty by reason of insanity);  *United States v. Lewis*, 53 F.3d 29, 35 36 n. 9 (4th Cir.1995) (holding that court did not err in ordering psychiatric examination in light of defendant's stated intent to rely on claim of sub normal intelligence in support of entrapment defense despite the technical inapplicability of rule 12.2(b)).   *See Id*. at 339n.31

5. The *Webster* court also found that forbidding a government examination "may deprive the State of the only effective means it has of controverting [the defendant's] proof on an issue that he has injected into the case." *Id*. at 340 n.32 *citing Estelle v. Smith*, 451 U.S. 454, 465, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).

6. In *United States v. Padron*, Case No. 06-80025-CR-HURLEY, the Court ordered the defendant, who was convicted of distributing child pornography, to submit

to a government examination when the defendant indicated that it had hired a psychologist to evaluate the defendant for mitigation of his sentence.   *See* Exhibit A

7.   The United States requests that this Court order, pursuant to 18 U.S.C. § 3552(b) and (c) and Fed.R.Crim.P. 57(b), a staff psychologist at the Bureau of Prisons, or other qualified consultant in the local community, to perform a presentence full psychological forensic evaluation specifically related to depression, post traumatic stress disorder, cannabis use disorder, history of partner violence, and history of sexual and physical abuse issues on defendant Tara Jo Moore.   The Court should compel the defendant to submit to a government psychological evaluation because it constitutes a fair procedure for achieving justice in this case.   The court has the inherent authority to order the examination of Moore, and, therefore, it does not constitute an abuse of its discretion to do so.

8.   Pursuant to Local Rule 7.1(A)(3), counsel for the United States has consulted counsel for defense, who opposes this motion.

**WHEREFORE**, the Government respectfully requests that this Court grant the United States' motion for psychological evaluation of Moore.

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY
    s/     LOTHROP MORRIS
    By: LOTHROP MORRIS

        ASSISTANT U.S. ATTORNEY
        Florida Bar # 0095044
        500 Australian Avenue, Suite 400
        West Palm Beach, FL 33401
        (561) 820-8711
        (561) 820-8777 (FAX)
        LOTHROP.MORRIS@USDOJ.GOV

Certificate of Service

I HEREBY CERTIFY that on March 2, 2015, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

s/ LOTHROP MORRIS
LOTHROP MORRIS
ASSISTANT U. S. ATTORNEY
